———o———

SANFORD B. GARNER AND WIFE, Defendant in Error *vs.* JONATHAN JONES, Plaintiff in Error.

1. *Lands and land-titles—Conveyances—Husband and wife—Joint-tenancy.*—A conveyance of real estate in fee to husband and wife creates a tenancy by the entirety with the right of survivorship.

### *Error to Buchanan Circuit Court.*

*S. Woodson*, for Plaintiff in Error, cited: Gibson vs. Zimmermann, 12 Mo., 385; Shaw, *et al.*, vs. Hearseys, 5 Mass., 521; Fox vs. Fletcher, 8 Mass., 274; Torrey vs. Torrey, 14 N. Y., 430; Wright vs. Saddler, 20 N. Y., 320.

*J. W. Strong*, for Defendant in Error.

This was a conveyance of land by a father to his daughter and her husband, which was intended as an advancement or gift to the daughter, and hence it vested no estate in the husband, except as trustee for his wife. (Tyler on Infancy and Coverture, page 494; Barncord vs. Kuhn, 36 Penn. St., R.; 383.)

ADAMS, Judge, delivered the opinion of the court.

The following statement has been agreed upon by both parties and forms the basis of this opinion.

This was a suit in ejectment in the Circuit Court of Buchanan County, in which the plaintiffs seek to recover possession of certain real estate described in their petition.

The defendant filed his answer, admitting that he was in possession, but claiming title.

The cause was submitted to the court on the following agreed statement of facts, viz:

That on and before the 19th day of July, 1851, one George L. Holden was seized and possessed in fee simple of the land in dispute; that on said day said Holden made a deed in words and figures as follows, viz:

" This deed, made this 19th day of July, 1851, by George L. Holden and Emily J. Holden, his wife, of Buchanan County, Missouri, party of the first part, and Mary C. Munson and Henry L. Munson, her husband, of the county of Buchanan, in the State of Missouri, parties of the second part, Witnesseth: That the said party of the first part, in consideration of the natural love and affection which they have and bear to the said Mary C. Munson, being the daughter of the said George L. Holden, and the further consideration of one dollar to them paid, the receipt of which is acknowledged, have given, granted, bargained and sold, and do sell and convey to the said party of the second part, and to their heirs and assigns, forever, the following lands in the county of Buchanan; in the State of Missouri, viz: Three acres off the north end of the north-west quarter of the north-west quarter of section seven (7), of township fifty-four (54), in range thirty-four (34.) (The above described tract of land is given to the party of the second part by way of advancement, and is valued and charged them at eighteen hundred and fifty dollars.) together with all the appurtenances thereto belonging.

" To have and to hold the above described land to the said party of the second part, their heirs and assigns, forever.

" In witness whereof, said parties have hereto subscribed their names and affixed their seals, this 19th day of July, A. D. 1851.

GEORGE L. HOLDEN. [SEAL.]

EMILY J. HOLDEN. [SEAL.]"

This deed was acknowledged in due form, and duly recorded.

It is further agreed that Henry L. Munson and Mary C. Munson, his wife, who was the daughter of said George L. Holden, were put into possession of said land, pursuant to said deed, and that they continued in possession of it until the 9th day of December, 1863, when Mary C. Munson died, leaving Arabella Munson, now Garner, intermarried with Sanford B. Garner, her only child.

That said Henry L. Munson continued in possession of said land until the month of June, 1865. That on the 7th day of March, 1865, said property was sold at Sheriff's sale, under an execution issued upon a judgment rendered in favor of George B. Dykes, and against said Henry L. Munson.

That at said Sheriff's sale, defendant, Jonathan Jones, was the purchaser, for the sum of $25.

That by virtue of said sale and the deed made pursuant thereto to defendant, Jonathan Jones, all the title or interest which said Henry L. Munson had in and to said land, was conveyed to defendant, Jonathan Jones, and no more.

That said Jonathan Jones took possession of said lands after said purchase at Sheriff sale, and has continued in possession ever since. That on the 20th day of November, 1871, said Henry L. Munson died.

That plaintiff, Arabella Garner, is the sole heir of said Mary C. Munson, and that plaintiff, Sanford B. Garner, is her husband.

The above are all the facts upon which the cause is submitted.

The cause was submitted to the court on that statement of facts, and judgment was given for plaintiffs.

Defendant excepted, and filed his motions for new trial and in arrest of judgment, which being overruled, exceptions were taken and the case is brought here by writ of error.

Giving judgment for plaintiffs, and overruling defendant's motion for a new trial and in arrest of judgment, are assigned for error. It is evident from this statement that the whole controversy depends upon the proper construction to be given the deed from Holden and wife to Munson and wife.

1. At common law a conveyance in fee to husband and wife, of real estate, created a tenancy by the entirety. Being but one person in law, they took the estate as one person. Each being the owner of the entire estate; neither of whom had any separate or joint interest but a unity or entirety of the whole. So if either died the estate continued in the survivor, as it had existed before; an undivided unity or entirety.\ There was no survivorship as in joint tenancies, but a continuance of the estate in the survivor as it originally stood. The only change by death was in the person, not in the estate. Before death they both constituted one person holding the entire estate, and after the death of either the survivor remained as the only holder of the estate. This principle was introduced into this State as a part of the common law and it has not been altered by our statute of conveyances. (See Gibson vs. Zimmermann, 12 Mo., 385.) It is also the settled law of most of the States of the Union where it has not been changed by statute. (Tyler on Infancy and Coverture, 498; Lux vs Hoff, 47 Ills., 425.)

2. It is urged here, however, that this deed created a trust estate for the sole and separate use of Munson's wife. To constitute a separate estate for the use of a married woman, the deed must contain apt words manifesting such intent. There are no words in this deed showing that it was the intention of the grantor to secure this property to his daughter for her sole and separate use. It appears from the face of the deed to be an advancement, but a simple advancement does not constitute a separate estate. A gift of personal property to a married daughter by way of advancement, without any intention expressed, to secure it to her separate use becomes the absolute property of the husband by virtue of his marital rights.

So if the advancement consists in real estate and the deed be made to the husband and wife and no intention is manifested to secure it to the separate use of the wife, it must bear the same construction as any other deed made to husband and wife. The case of Barncord vs. Kuhn (36 Penn. R., 383,) inti-

mating a contrary doctrine, must have been controlled by the statute of 1848 concerning married women. Prior to this decision the common law doctrine was firmly established in that State. (See Stuckey vs. Keefe's Executor, 26 Penn. St., 397; Vide also Fairchild vs. Chastelleux, 1 Penn. St., 176; Bates vs. Seely, 46 Penn. St., 248.)

It may be conceded that if a husband invests the separate funds of his wife in real estate and takes a deed to them jointly, a court of equity would protect her in the enjoyment of the property and declare a trust in her favor. But no such point arises in this case. This is a plain deed made to husband and wife as an advancement to her without any words securing it to her sole and separate use. Under this view, at her death the estate remained in the husband as an entirety and her heir took nothing by descent. (Lux vs. Hoff, 47 Ills., 425.)

The judgment must be reversed and the cause remanded.

The other Judges concur.