LEWIS S. BLEDSOE, Appellant, *vs.* EDWARD W. SIMMS, Respondent.

1. *Ejectment—Possession—Title in wife.*—In order to show himself entitled to possession of land, a party may prove title in his wife.

2. *Husband and wife—Her lands—Ejectment against—Who defendant.*—The husband is entitled to the possession of the wife's fee simple lands, and he is the proper and only party to be made defendant in a suit for lands claimed to belong to her.

3. *Ejectment—Prior possession short of statutory bar, will prevail when.*—In actions of ejectment, where no title appears on either side, the prior possession of plaintiff, though short of the statutory bar, will prevail over a subsequent possession of defendant, which has not ripened into a title, provided, that the prior possession be under claim of right, and not voluntarily abandoned. In such a case it must appear that the defendant is a mere trespasser; and that he or those under whom he claims, or from whom he obtained possession, entered upon the actual or constructive possession of the plaintiff.

| 53 | 305 |
|----|-----|
| 51a | 340 |
| 53a | 126 |
| 53 | 305 |
| 114 | 484 |
| 115 | 17 |
| 53 | 305 |
| 124 | 619 |
| 53 | 305 |
| 128 | 149 |
| 53 | 305 |
| 138 | 644 |
| 53 | 305 |
| 141 | 247 |
| 53 | 305 |
| 145 | 354 |
| 53 | 305 |
| 159 | 653 |
| 53 | 305 |
| 161 | 618 |
| 53 | 305 |
| 92a | ²666 |

### *Appeal from Carroll Circuit Court.*

*Ray and Ray*, for Appellant.

I. Under the issues, as formed by the pleadings, defendant could not prove that the possession or title was in his wife, or outstanding in a third party. (Bruce vs. Sims, 34 Mo., 246; Dougherty vs. Matthews, 35 Mo., 520; Harris vs. Han. & St. Jo. R. R., 37 Mo., 307; Jones vs. Louderman, 39 Mo., 287.)

II. Where husband and wife go into the possession of real estate, the title to which is in the wife, by ordinary deed, vesting the fee in her, (but not for her sole and exclusive use,) then by operation of law, the possession is in the husband. And when sued in such a case, he cannot defeat a recovery by showing that the title and possession is in the wife by virtue of such a deed. (Tyler Eject., 169, 472; 1 Bishop Law of Married Women, 582, and § 582; Chambers vs. Handley's Heirs, 3 J. J. Marsh., 99; Foster vs. Marshall, 2 Foster, (N. H.,) 491; Bryan vs. Wear, 4 Mo. 106; 2 Kent, (6 Ed.,) 130.)

III. This proposition is not modified or changed, for the purpose of this action by the 14th section of chapter 115, of our statute on "Married Women."

IV. In actions of ejectment where no legal title appears on either side, then the plaintiff may recover, upon showing a

prior abandoned possession, (short of the statutory period sufficient to confer title by limitation.) And that in such cases, the plaintiff's right to recover is not limited to cases where the defendant is a new trespasser, but also covers cases where the defendant claims by color of title also. (Smith vs. Lorillard, 10 Johnson, 338; Schultz vs. Lindell, 33 Mo., 172; Dale vs. Faivre, 43 Mo., 556; Ricard vs. Williams, 7 Wheat., 59; Jackson vs. Harder, 4 Johnson, 202.)

*L. H. Waters*, for Respondent.

Adams, Judge, delivered the opinion of the court.

This was an action of ejectment, for the northeast quarter of section 14, in township 53, north of range 21 west, being military bounty land, as described and protected by the statute of limitations. (Genl. Stat., Ch. 191, § 1; W. S., 915, § 1.)

The answer was a general denial of the plaintiff's right to the possession, also an assertion on the part of the defendant of his right to the possession, and a plea of the statute of limitations of ten years, averring that neither the plaintiff, his ancestors, predecessors or grantors, or those under whom he claims, had been seized or possessed of the premises, or any part thereof, within ten years next before the commencement of this suit, and that defendant, and those under whom he claims, had been in the adverse possession for more than ten years before suit.

Neither party pretended to have a regular documentary claim of title. Numerous deeds were introduced on each side as evidence of color of title, under which the possession of the land, to the extent of the boundaries named in these documents, was claimed to be held.

The plaintiff claimed that he, and those under whom he claimed, had held possession adverse to all others, long enough to invest him with the title. He also set up, that his possession was prior to the defendant's possession, and had never been abandoned, and being a prior possession, his title was better than a subsequent possession by the defendant, although

neither of them may have ripened into a title under the statute of limitations.

A large amount of testimony was given by plaintiff, conducing to prove his possessory title under the statute of limitations.

The defendant claimed the right to the possession by virtue of a deed from one James Kelley to the defendant's wife, dated August 10th, 1866.

There was no pretense that Kelley had any title to the land, and the deed from Kelley was introduced as color of title, under which the defendant took possession for his wife. For the same purpose, a deed from one Taggart to Kelley, dated Nov. 16, 1863, and a deed from W. Z. Darr to Taggart, and a tax deed to Darr, dated Nov. 5th, 1861, were introduced in evidence by the defendant.

This suit was commenced in July, 1868. The defendant entered into the possession on the 10th day of August, 1866, under the deed to his wife.

The case was submitted to a jury, and under the instructions given on each side they found a verdict for the defendant. The plaintiff moved for a new trial, which was overruled, and judgment entered for defendant, and exceptions duly saved by the plaintiff.

1. The defendant's answer was sufficient to let in any defense he might have, showing that the plaintiff was not entitled to the possession. Under the general denial of the plaintiff's right to the possession, he must prove his title, or right to the possession, and the defendant may rebut this proof by showing title in himself or his wife, or by an outstanding title in a third person, when he claims under a color of title. It was not necessary that the answer should have set up the statute of limitations. When the statute has run long enough to create a bar, such adverse possession confers the title, and such title may be relied on for the recovery of the land, or be invoked as a defense under the general denial of the plaintiff's right to the possession.

2. But in this case the defendant was allowed to rely on

a possession taken under the deed to his wife, in August, 1866, as a bar to the plaintiff's right of recovery. The court gave instructions at the instance of the defendant to that effect, and refused those asked by the plaintiff denying that such possession had ripened into a bar, or title in the plaintiff's wife.

An action of ejectment can only be brought against a person in the possession of land. The possession of a husband is the possession of the wife, when she holds the title. Under our statute concerning Married Women, (W. S. 935, § 14,) the rents, issues and products of the real estate of a married woman, and the interest of her husband in her right in any real estate, which belonged to her before marriage, are during coverture exempt from attachment or execution for the sole debt of her husband, except for necessaries for the wife and family, and no conveyance during coverture can be made by the husband, without joining his wife in the deed, &c.

This statute is intended to protect the wife's lands for her benefit during coverture; but it does not alter the common law relations of husband and wife. He is still her protector and representative, and is entitled as such to the possession of her fee simple lands. His possession is her possession, and he is the proper and only party to be made a defendant in a suit for lands claimed to belong to her.

The title in the wife is not an outstanding title, but is relied on as the defendant's own title. The disseizin of the plaintiff, relied on by the defendant, took place in August, 1866, and the two years had not expired which protect military bounty lands, when this suit was commenced. The court therefore erred in the instructions given and refused on this point.

3. The plaintiff also relied on a possession prior to the defendant, and asked that he be allowed to recover on such possession, notwithstanding it may not have ripened into a title under the statute of limitations. The court refused his instructions raising this point.

In Crockett vs. Morrison, 11 Mo., 3, this court maintained

the doctrine, that where no title appears on either side, a prior possession, though short of the statutory bar, will prevail over a subsequent possession, which has not ripened into a title, provided the prior possession be under a claim of right, and not voluntarily abandoned. (See also Smith vs. Lorillard, 10 John., 338.) In such case it must appear that the 'defendant is a mere trespasser, and that he or those under whom he claims, or from whom he obtained possession, entered upon the actual or constructive possession of the plaintiff.

For the errors indicated, the judgment of the Circuit Court will be reversed and the cause remanded. Judges Vories and Sherwood concur; Judges Napton and Wagner absent.