————o————

HANNAH COOPER and her husband, JOHN W. COOPER, Respondents, vs. ROBERT ORD, Appellant.

1. *Witnesses—Husband may testify in ejectment for wife's land, when.*—In ejectment for land of which the wife is not the separate owner, the husband is a substantial party, and may testify, so far as his own interests are concerned.

2. *Deed cannot give color of title to possession, when.*—A deed can afford no color of title to support a possession ended long before it is made.

3. *Land titles—Limitations, statute of—Possession—That of different holders—Tacking together of—Color of title, etc.—Subsequent adverse possession.*—Where one takes possession under a deed giving color of title to certain land, his possession may be transferred to subsequent parties, and the possession of the different holders may be united so as to make up the statutory period— provided the possession be notorious, etc., and the claim thereby acquired will be good so far as the land actually in occupation is concerned. But such sub-

sequent parties cannot hold other land merely by color of their first grantor's title, independent of any conveyance. And title so acquired by connected possessions may be defeated by subsequent adverse possession for the statutory period.

4. *Instructions of little value, when.*—Where a case is heard by the court as a jury, instructions are of but little use except to show the theory upon which the case is tried.

5. *Lands and land titles—Extent of boundaries, how shown to constitute color of title.*—It does not always require a written instrument to constitute color of title, but there must be some visible acts or *indicia* which are apparent to all, showing the extent of the boundaries of the land claimed, to amount to color of title.

6. *Ejectment—Military bounty land—Color of title.*—Where the right of action accrued under the present statute (Wagn, Stat., 915, § 1) two years of open notorious and adverse possession of military bounty land will defeat an action of ejectment—regardless of color of title—as to the land actually occupied by defendant.

7. *Instructions—Evidence—Refusal.*—An instruction not supported by evidence should be refused.

## *Appeal from Carroll Circuit Court.*

*Hale & Eads*, for Appellant.

I. The court erred in allowing John W. Cooper to testify in behalf of his wife, Hannah Cooper, who was the real plaintiff—the action having been brought to recover the land in her name. He was not a competent witness for her. (Paul vs. Leavitt, 53 Mo., 595.)

II. The court erred in admitting the deed from Collett to Hannah Cooper as color of title to the west half of the land in controversy. The evidence all shows that the defendant took possession of the land in 1866, and the deed from Collett was executed and bears date in 1870. There was no possession under the Collett deed. It was then held adversely by Ord, and an instrument of writing cannot operate as color of title, unless accompanied by possession. It must either transfer the title or be accompanied by a transfer of the possession. (Crispen vs. Hannavan, 50 Mo., 549.)

The court erred in giving the third instruction asked by plaintiff.

*L. H. Waters, with Ray & Ray,* for Respondents.

I. There was such privity between the various occupants as will refer the possession of each to the original entry, and the plaintiffs are entitled to recover upon the title acquired under the statute of limitations by their adverse possession, so far as the east half of the land in question is concerned. (Ang. Lim., 5 ed., § 414; Crispen vs. Hannavan, 50 Mo., 536; Fugate vs. Pierce, 49 Mo., 441; Rannells vs. Rannells, 52 Mo., 109.)

II. Defendant obtained possession by tampering with plaintiffs' tenant, and defendant will not be permitted to controvert their title. (Tayl. Landl. & Ten., 705; Ang. Lim., 5 ed., § 437; Rutherford vs. Ullman, 42 Mo., 416.)

III. When no title appears on either side, a prior possession, though short of the statutory bar, will prevail over a subsequent possession which has not ripened into a title, provided the prior possession was under a claim of right, and provided also that the defendant is a trespasser and entered upon the actual or constructive possession of the plaintiff. (Crockett vs. Morrison, 11 Mo., 3; Bledsoe vs. Simms, 53 Mo., 305.)

The prior possession of plaintiffs, as to the east half, and the prior possession of Collett as to the west half, which were transferred to the plaintiffs, certainly entitled them to recover as against defendant, who had entered under plaintiffs' tenants.

IV. The defendant failed to show any colorable title. The record of the deed from Love and Reynolds to his landlord, were properly excluded. The original seemed to be in the landlord's possession, and should have been produced. Having entered under plaintiffs tenant, the defendant could not set up an outstanding title in any one.

V. The plaintiff, John Cooper, was a competent witness to prove the facts proved by him. If he was not, the exceptions taken in the court below to his testimony were not preserved. He is competent now, since the act of 1874. (Laws of 1874, p. 60, § 1.)

VORIES, Judge, delivered the opinion of the court.

This was an action of ejectment. The petition states, that in 1866 plaintiffs were, had for a long time been, and still were, husband and wife, and that on the first day of July, 1866, the said Hannah Cooper, the wife, etc., was, had for a long time previous thereto been, and still was, the owner in fee of the southwest quarter of section twelve, in township fifty-four, of range twenty-two, in Carroll county, Missouri; that on the day and year last aforesaid, they were entitled to the possession of the said premises, and being so entitled, the defendant afterwards, on the 10th day of July, 1866, entered into and upon said premises, and unlawfully holds the possession thereof from plaintiffs, to their damage, etc.

Defendant in his answer admits that plaintiffs are husband and wife, and that defendant is in the possession of the lands named, and states that he holds under title thereto; but all other allegations of the petition are denied.

The suit was commenced on the 7th day of September, 1870. The trial was had before the court without the intervention of a jury. Neither party produced or relied upon any paper title to the land in controversy, but each relied on possession under color of title.

The plaintiff introduced in evidence, as color of title to the east half of the quarter section of land named in the petition: 1st. A quit-claim deed, bearing date March 7th, 1853, and recorded in 1870, from Elijah G. Simpson to Jesse Parker, for said east half of said land. 2d. A quit-claim deed for the same land, bearing date the 1st of August, 1854, from Jesse Parker to Elizabeth Hacker.

Plaintiffs then offered in evidence, for the same purpose, what purported to be a deed from Elizabeth Hacker to plaintiff, Hannah Cooper, for the same land.

This paper was objected to by the defendant, on the ground that it appeared from the face of the deed that the name of the grantee therein had been changed from John W. Cooper to Hannah Cooper. To explain this erasure and change in the deed, both parties introduced evidence, from which it

clearly appeared that said deed was originally executed to John W. Cooper, and afterwards changed, without authority, by erasing the name of John W. Cooper and inserting the name of Hannah Cooper, at the request and by the direction of said Hannah. Whereupon the court sustained the defendant's objection to said deed, and excluded the same from the evidence in the case.

The plaintiff then introduced evidence tending to prove that one Elizabeth Baley first improved this east half of said land in the spring of 1851; that she lived on said land for about one year, and that one Newton occupied the land one year under Mrs. Baley; that Mrs. Baley then sold the said land to Jesse Parker, who took possession under his purchase; that Parker in 1854, and before he received a deed for the land, sold the same to Elizabeth Hacker, Parker remaining in possession until October, 1854, when he delivered the possession to Mrs. Hacker, on the same day that he went out; that Mrs. Hacker continued in the actual possession of the improvements, and improved parts of said land, claiming the whole from the 3d day of October, 1854, to the 25th day of October, 1863, cultivating a field in said east half of said quarter section, claiming the whole of said half; that Mrs. Hacker in September, 1863, sold said land to John W. Cooper or to his wife, Hannah Cooper, and made a deed to John W. Cooper; that Cooper and wife took possession under the purchase from Mrs. Hacker in October, 1863, and remained in possession until the month of October, 1864; that Mrs. Baley put into cultivation, while she occupied the land, a field of five acres, and erected a house; that afterwards the field was increased to fifteen acres, and a barn erected on the land; the possession was continuous from 1851 up to October, 1864, when plaintiff moved from the land, leaving the same in the care and possession of others, as their tenants, who cultivated the improved land; that during the time that said tenant was so cultivating the land, one Fisher, having made the acquaintance of a man by the name of Love, who, with one Reynolds, claimed to own the land, was requested

by said Love to take possession of the house on said land, (which was then vacant) and hold the possession for Love and Reynolds. Fisher agreed that he would go into the house and hold it until he was ready to move elsewhere, and in the month of July 1866, Fisher removed into the house, and swears that he went in with the consent of the tenants, but this is denied by them. After Fisher took possession of the house, David Ord, the father of defendant, purchased the land of Love and Reynolds. After this purchase, defendant, who was representing David Ord, requested Fisher to let him know when he was going to vacate the house. This Fisher did; and when Fisher went out of the house, Ord, the defendant, went in. Ord took possession in October or November, and has held possession ever since.

Plaintiff, John W. Cooper, was then offered as a witness. The defendant objected on the ground that he was not competent to testify for plaintiffs. The court ruled that he was not competent for his wife, but that he might testify as to any matter affecting his own interests, and he was admitted to testify in the case. To which ruling of the court, the defendant excepted.

Cooper testified that the purchase from Mrs. Hacker, of the eighty acres of land was made by his wife in 1863, and that they moved on the land shortly after, and remained there for about one year; that he then left, leaving his wife in possession; that the defendant, Ord, took possession of the land in controversy in October, 1866, under a purchase from W. R. Love, of a half section of land including the land in controversy; that the defendant was a tenant of David Ord, who claimed the land under purchase from Love; that Fisher was in possession under plaintiff and let defendant in, and was paid for so doing by defendant; that witness ordered defendant to leave the land, but he claimed to be the owner, and would not leave.

It was admitted by both parties that the land in question was military bounty land, and was patented to Ethan Hurlburt.

The plaintiff then offered in evidence, as color of title to the whole quarter section of land in controversy, and for the mere purpose of showing a transfer of possession to plaintiffs, and for no other purpose, a deed from Henry Collett to Hannah Cooper, purporting to convey or quit-claim to her the quarter section of land in controversy, which deed was dated on the 28th day of August, 1870, and was for the consideration of one dollar.

The defendant objected to this deed, because there was no evidence of any possession of plaintiff under said deed, and on the ground that it was admitted that defendant had been in possession since October, 1866. This objection was overruled by the court, and said deed admitted as color of title; to which the defendant excepted.

The plaintiffs then introduced Henry Collett and others, whose evidence tended to prove that in the year 1859 there were two improvements on the quarter section of land in controversy; that the improvement on the east eighty extended on to the west eighty; that Elizabeth Hacker lived on the east eighty at the time; had a house, stable and field on it. that there was a house on the west eighty and between one and two acres of land cleared and enclosed, and some fruit trees on it; that Mrs. Marshall and family were then living in the house on the west eighty acres; that Mrs. Marshall sold her interest in the land to Mrs. Sarah Ann Helm, who then took possession and lived there not quite two years, and sold the place to said Collett; that Collett took possession of said west eighty acres and cultivated the lot thereon; that Collett bought the west eighty before Fisher went into the possession of the east eighty acres; that Collett afterwards removed the house off from the west eighty acres to another farm; the field or lot being left enclosed, to protect the trees and for cultivation; that the remainder of the improvements, including the fence around the lot or field, was removed from the west eighty acres since Ord moved on to the east eighty; that since Ord moved on the east half he has cut timber on the west half, and claimed to own and be in possession of it;

that the deed from Collett to Hannah Cooper was signed by Collett, and was made at the time and for the purposes therein mentioned; that there was a deed from Mrs. Marshall to Mrs. Helm, for the west half, and also a deed from Mrs. Helm to Collett, for the same, which last deed was never acknowledged.

After Collet took the house off the west eighty, the fencing was all taken off by some one, and not a rail left on the land. Ord went into possession under a claim of title from Love, and the rails disappeared from the west eighty after Ord went into possession. The improvement was first made on the west eighty in the spring of 1856 and remained there until the summer of 1867, except the house which was moved off in 1866.

The plaintiff also read in evidence, as color of title, what is called a tax deed from the register of lands to Mrs. Elizabeth Hacker and Joshua Simpson. This deed was made and dated on the 8th day of July, 1873.

The defendant on his part offered in evidence, as color of title to the land in question, a certified copy (from the record) of a deed from Love and Reynolds to David Ord, the landlord of defendant, which deed was dated the 14th day of May 1866. This copy of said deed was objected to by the plaintiff because it was not properly acknowledged; because the execution of the original was not proved, and the absence of the original was not accounted for. The defendant then introduced evidence tending to prove (the witness testifying being the agent of David Ord, the owner of the land who bought from Love in 1866, and took possession under deed and turned possession over to his son, defendant) that David Ord then resided in Indiana; that the original deed was not in possession of witness; that he presumed it was in the possession of David Ord in Indiana, who was the landlord of the defendant. The court sustained the objection to the record of the deed, to which the defendant at the time excepted.

The defendant also offered in evidence, as color of title, the record of a deed from one Condor to Love, and from one

Gardner to Condor, and from one Wilson to Gardner, and from the heirs of Ethan Hurlburt to Wilson. These deeds, or copies of deeds, were each objected to by the defendant, for the reason that none of the persons parties to said deeds were ever in possession of the land named, and that defendant is not connected therewith, and that the originals are not accounted for, and that they were not properly acknowledged. The objection was sustained to each of said deeds, and the defendant excepted.

There was also evidence tending to show that David Ord purchased the land in question of Love, in 1866, and that he and defendant under him, had occupied it ever since, claiming to be the owner, cultivating the same and paying taxes thereon.

The court at the conclusion of the evidence, at the request of the plaintiff, declared the law to be as follows, among other declarations of law given:

1. "The deed from Simpson to Parker, for the east half of the south west quarter, section twelve, township fifty-four, range twenty-two, was sufficient to give color of title; and if Parker took possession under the same, and afterwards sold the same to Mrs. Hacker, and such sale was accompanied by a transfer of possession, in fact, to her, and if Mrs. Hacker afterwards sold or transferred the same to Mrs. Cooper, and such sale was accompanied by a transfer of possession in fact to Mrs. Cooper, or if Mrs. Cooper went in by the consent and agreement of Mrs. Hacker, then such possessions may be connected together to make up the statutory period of limitation, provided such possessions were open, notorious, actual, adverse and continuous."

2. "The several possessions of Parker, Mrs. Hacker and plaintiff were sufficient to give title under the statute of limitations, in force at the time Parker went into possession, so far as the east half of the south west quarter, section twelve, township fifty-four, range twenty-two are concerned."

3. "Prior possession, the title having been shown to have passed from the General Government, is *prima facie* suffi-

Cooper v. Ord.

cient to authorize a recovery, particularly when the defendant relies on mere possession, or where his possession was acquired by mere entry, without any color of right, or when he is a mere intruder; and if the plaintiff had the prior possession of the east half of the south west quarter, section twelve, township fifty-four, range twenty-two, and the defendant has shown neither title nor color of title thereto, then the plaintiffs are entitled to recover."

4. "If the plaintiffs were in possession of the east half of the south west quarter of section twelve, township fifty-four, range twenty-two, claiming the same in the right of the wife, and leased the same to Eisenham and others, and if plaintiff's tenants let Fisher in under them, and if Fisher let defendant in under him, or if defendant got in by, through, or under, any arrangement with the tenants of plaintiffs, and without plaintiff's consent, then the defendant is not at liberty to dispute plaintiff's title."

8. "Under the evidence in the case, the plaintiffs are entitled to recover the east half of the south west quarter of section twelve, town. fifty-four, range twenty-two."

9. "Under the evidence in the case the plaintiffs are entitled to recover the west half of the south west quarter of section twelve, town. fifty-four, range twenty-two."

The defendant objected to these declarations of law; and his objections being overruled he excepted.

Other declarations of law were given, and some asked on the part of the defendant, which were refused; but those copied are sufficient to show the theory on which the court decided the case.

The court found for the plaintiffs as to all of the land named, and rendered final judgment in their favor.

The defendant filed a motion for a new trial, which being overruled by the court, he excepted, and has appealed to this court.

It is first claimed by the defendant, that the court erred in permitting the plaintiff, John W. Cooper, to be examined as a witness in the case. It is assumed by the defendant that

the action is brought to recover solely in right of Mrs. Cooper, the wife of her co-plaintiff, and that the husband was only a formal party to the suit, and could not, therefore, testify on the trial of the case.

The case seems to have been tried on the theory that the husband was but a formal party, at least as to a part of the land; but I do not think that the petition is to be so construed. It is true that the petition states that plaintiff, Hannah Cooper, is the owner of the land; but it further states that by virtue thereof the plaintiffs were entitled to the possession of the land, and that the defendant entered, etc. Now as it is not shown that the land was the separate estate of the wife, the husband was entitled to the possession thereof, and might have sued to recover the possession without joining the wife; she would not be a necessary party in such possessory action; hence, in this case it was no error for the court to permit the husband to testify so far as his own interests were concerned. (Bledsoe vs. Simms, 53 Mo., 305; Hughes vs. Pierce, 49 Mo., 441; Tingley vs. Cowgill, 48 Mo., 291.)

It is next objected that the court improperly admitted in evidence, as color of title to the premises in controversy, a deed from Henry Collett purporting to convey the land to Mrs. Cooper, which deed was made and dated on the 28th day of August, 1870. There is no pretence in the whole case that the plaintiff was ever in possession of the land in controversy at any time after the execution of this deed; but it is conceded that defendant has had possession of the land ever since October 1866, nearly four years before the execution of the deed in question. The deed could afford no color of title to support a possession which was ended long before its existence, and was improperly admitted for any such purpose. (Crispen vs. Hannavan, 50 Mo., 536.)

It is next insisted that the court erred in excluding the record copy of a deed from Love to David Ord, offered by defendant to show color of title. The court committed no error in excluding the copy of the record of said deed. De-

fendant claimed as tenant of David Ord, and there is nothing to show that the original deed was not at said time under his control or in his possession ; and the same thing may be said as to all other deeds offered by defendant. In fact it is not attempted to show that any possession had ever been held by any one under any of said deeds, except the one from Love to Ord.

It is next insisted that the court erred in making the first and second declarations of law asked for by defendant. It may be remarked, that in cases like this, where the case is submitted to the court for hearing, declarations of law are generally of but little use, except to show the theory on which the case was tried.

The first declaration of law given by the court, asserts that the deed from Simpson to Parker was sufficient io give Parker color of title if Parker took possession under said title ; and that if Parker afterwards sold the same to Mrs. Hacker, and transferred to her the possession, and Mrs. Hacker afterwards transferred the same to Mrs. Cooper, and transferred the possession to her, and she entered with the consent of Mrs. Hacker, then such possession may be connected together to make up the statutory period of limitations, provided the possession was notorious, etc. If this declaration of law is intended to apply to the part of the land in actual possession, it is substantially correct; but if it is intended thereby to assert that the color of title by which Parker held will be sufficient of itself to give Mrs. Hacker and plaintiffs color of title, independent of any conveyance to them by which they respectively hold, it would be erroneous. It is true that it does not always require a written instrument to constitute color of title ; but there must be some visible acts, signs or indications which are apparent to all, showing the extent or the boundaries of the land claimed, to amount to color of title. (Rannels vs. Rannels, 52 Mo., 108.)

The second declaration of law would be proper in the case if it had been confined to the land in actual possession of the parties. There is no doubt but the plaintiffs and those under

whom they claimed, had a sufficient possession and for a sufficient length of time to acquire title by the statute of limitations; but this title, like all other titles, may be defeated by the subsequent possession of another for a sufficient length of time to ripen into a title under the statute of limitations. (Crackett vs. Morrison, 11 Mo., 3.)

The third declaration given by the court, states that where the title has passed from the Government, possession is *prima facie* sufficient to authorize a recovery, particularly where defendant relies on mere possession, or where his possession was acquired without color of right, and he was a mere intruder; and if plaintiffs had the prior possession of the east half of said land, and defendant has shown neither title or color of title, then the plaintiffs are entitled to recover. This declaration is also wrong. Under the facts of this case it is clearly shown by the evidence that the defendant entered into the possession of the house and improvements on the east half of said tract of land in October 1866 : that plaintiffs then warned him to leave the possession ; that he refused to leave, claimed that he owned the land, and had entered as owner ; and that he thus held the possession from sometime in October 1866, until September, 1870, when this suit was brought ; that his possession was notorious; that he improved, used and cultivated the land in an open and notorious manner. It was also admitted that the land was military bounty land, and it is clearly shown that plaintiffs, and those under whom they claim, had not been in any manner in possession of the land for more than two years before the commencement of the suit. Under such facts the right of action having accrued against the defendant after the taking effect of the present statute, (Wagn. Stat., 915, § 1) the defendant is entitled to the protection of that statute, and his actual possession having, by virtue of that statute, ripened into a title, regardless of color of title, the plaintiff could not recover said part of said land.

The fourth declaration of law given by the court had no evidence to support it, and was therefore wrong.

The declarations of law given by the court all seem to ignore the defense of defendant, which is, that he had been in possession for more than two years; that the land was military bounty land, and that he was therefore entitled to hold that part of the land actually inclosed and in his actual possession, under the statute of limitations.

There was no evidence of color of title on the part of plaintiffs, as to the west half of said land during any period of their possession, and they could not therefore have held said part of said land under color of title.

The judgment in this case is in favor of plaintiffs, for the whole quarter section of land, including that in the actual possession of the defendant.

This judgment is, for the reasons aforesaid, erroneous, and will therefore be reversed and the cause remanded; the other judges concur, except Judge Sherwood, who is absent.