Arnold v. Willis *et al., Appellants.*

Division Two, April 12, 1895.

1. **Husband and Wife:** HUSBAND'S INTEREST IN WIFE'S LAND: VESTED RIGHTS: STATUTE. Prior to the revision of the statutes in 1889, a husband, by virtue of his marital rights, was entitled to the possession of his wife's lands, held by her as at common law, and could sue therefor in his own name; and the enactment of sections 6869 and 6864, Revised Statutes, 1889, providing that real estate belonging to the wife should be her separate property and under her sole control, and empowering her to sue and be sued at law or in equity, as a *feme sole*, did not deprive the husband of such rights in his wife's property which had become vested prior to 1889.

2. ———: ———: LIMITATIONS. The statute of limitations will not begin to run against a husband who is entitled to the possession of his wife's lands until his right to enter accrues. Where such lands descended to the wife subject to a lease, the husband will not be entitled to possession until the expiration of the lease.

3. ———: ———: ———: DISABILITY OF WIFE. Where a husband sues in right of his wife, as in an action for possession of her lands, he can not avail himself of her disability.

4. ———: ———. Where the husband is entitled to the possession of his wife's land, her right of entry will be postponed until the termination of the coverture.

*Appeal from Linn Circuit Court.*—Hon. W. W. Rucker, Judge.

Affirmed.

*J. A. Arbuthnot* and *A. W. Mullins* for appellants.

(1) Notwithstanding the married women's statutes in this state, the husband is still, it may be conceded, entitled to the possession of his wife's real estate as at common law, and may sue in ejectment therefor. *Bledsoe v. Simms,* 53 Mo. 305; *Cooper v. Ord,* 60 Mo. 420; *Kanaga v. Railroad,* 76 Mo. 207; *Wilson v. Gar-*

*aghty*, 70 Mo. 517; *Dyer v. Wittler*, 89 Mo. 81; *Peck v. Lockridge*, 97 Mo. 549; *Flesh v. Lindsay*, 115 Mo. 1. (2) If, therefore, the plaintiff had the right to the possession of the real estate claimed by him in the petition and the sole right to maintain the action for the recovery of the possession, such rights accrued upon the death of Mrs. Sarah Ricker, the mother of plaintiff's wife, and this occurred more than ten years prior to the commencement of the action. Under the evidence his action was barred. The general rule is that the statute of limitations will commence running in favor of an adverse possession from the date of the accrual of a right to dispossess by action the adverse possessor. *Gray v. Givens*, 26 Mo. 291; *Tapley v. McPike*, 50 Mo. 589. Wood on Limitations of Actions, 254. And the interest of the husband in the real estate to which the fee simple title is held by his wife, being the right of possession, is an interest separate from hers, and "such being the case, it would seem logically to follow that his is an interest in land which is subject to the statute of limitations, and will pass to one who holds it adversely for the prescribed period" of the statute of limitations. Indeed the decisions of the courts of last resort have so held with such uniformity and for such length of time that the doctrine has become elementary. Wood on Limitation of Actions, sec. 240, pp. 480–481; Schouler on Husband and Wife, sec, 168, p. 212; 14 Am. & Eng. Encyclopedia of Law, p. 657; *Neal v. Robertson*, 2 Dana (Ky.), 86; *Canby v. Porter*, 12 Ohio, 79; *Murdock v. Johnson*, 7 Cold. (Tenn.), 605; *Thompson v. Green*, 4 Ohio St. 216; *Shortall v. Hinckley*, 31 Ill. 219; *Kibbie v. Williams*, 58 Ill. 30; *Weisinger v. Murphy*, 2 Head (Tenn.), 674; *Carter v. Cantrell*, 16 Ark. 154; *Greggs v. Tesson*, 1 Blackf. (Ind.), 150; *McDowell v. Potter*, 8 Penn. St. 189; *Dyer v. Wittler*, 89 Mo. 81, 89; *Valle v. Obenhause*, 62

Mo. pp. 97, 98, per Judge Hough; *Peck v. Lockridge*, 97 Mo. 549. (3) The declarations of Law asked by the defendants should have been given. They are the law applicable to the case, and well justified by the evidence. *Peck v. Lockridge*, 97 Mo. 549.

*C. C. Bigger* for respondent.

(1) The plaintiff had no right of entry upon the premises in question, nor could he maintain an action to recover possession thereof until the termination of the life lease given by John W. Ricker to his mother, Sarah Ricker, by the death of the latter, which occurred, as the evidence tended to show, in 1884, from which date to the time of bringing this suit, was a period of time less than ten years. (2) The property in question descended to Martha Arnold in 1870, at which time she was the wife of plaintiff, which marriage relation has been continued to the present time, as is shown by the evidence; and it seems to be the settled law of this state that the statute of limitations does not run against a married woman during coverture, but she may maintain her action, to recover her real estate, at any time within ten years after dissolution of the marriage relation. *Dyer v. Wittler*, 89 Mo. 81; *Bradley v. Railroad*, 91 Mo. 493. (3) In this state, by the enactment of section 14, chapter 115, General Statutes of 1865, the husband is deprived, during coverture, of the separate interest which at common law he had in the wife's general real estate, as that statute is a disabling statute. Under the provisions of that statute he is still entitled to the possession of his wife's realty and has a joint interest with her therein, but he can not, by his sole deed, make a valid conveyance of any interest in the same. He has the right and is the proper party to maintain an action to recover possession of his

wife's lands, and can not divest or estop himself from the exercise of this right by his sole deed. What he can not do by deed he can not do by his acts *in pais*. Hence, conceding that a period of ten years or more has elapsed since the termination of the life lease to Sarah Ricker, by her death and before the bringing of this suit, yet the statute of limitations passes no interest to defendants by reason of plaintiff's inaction, for if he could by his inaction convey to defendants his interest in the premises in question, then he had it in his power to "set at naught and nullify the provisions of the statute. G. S. 1865, ch. 115, sec. 14; R. S. 1879, sec. 3295; R. S. 1889, sec. 6868; 3 Washburn on Real Property, 77; *Mueller v. Kaessmann,* 84 Mo. 318; *Dyer v. Wittler,* 89 Mo. 81.

BURGESS, J.—Ejectment for an undivided one fourth interest in the south half of lots 11 and 12 in block 4, in the original city of Brookfield, Missouri. The petition is in the usual form, and the answer a general denial.

Both parties claim title under one John W. Ricker, who, on the twenty-eighth day of April, 1868, leased in writing said premises to his mother, Sarah Ricker, for and during the term of her natural life. John W. died June 18, 1870, childless and unmarried, leaving as his only legal heirs his mother, Sarah Ricker, his brother, Wilder D., his sister, Mary, who afterward married one Lansing, and Martha Arnold, the wife of the plaintiff. The lease from John W. Ricker to his mother, although recorded in Linn county, was not acknowledged.

On December 17, 1873, Mrs. Ricker, by general warranty deed of that date, sold and conveyed the property, as the "sole and only heir at law of John W. Ricker, deceased," to Mrs. Mary J. Spivey. Her son, Wilder D., and daughter, Mary Lansing, joined in said

deed.  Mrs. Spivey immediately thereafter entered into the possession of said property, and so remained until September 10, 1884, when she sold and conveyed it by deed of general warranty to the defendant, Mrs. Willis, who has been in the actual, open, notorious and adverse possession ever since, paying taxes and making valuable improvements.  She first heard of plaintiff's claim in January, 1893.  Mrs. Ricker, it seems, died sometime during the year 1884.

The case was tried before the court without a jury, and it is evident from the declarations of law given in behalf of plaintiff and those asked by defendants, which were refused, that the court tried the case on the theory that the plaintiff, in right of his wife, was entitled to the possession of the premises sued for, and that as to him the action was not barred by the statute of limitations.  The court rendered judgment for plaintiff, hence this appeal.

Plaintiff's right to the possession of the interest of his wife in the lots accrued at the death of her mother, Mrs. Ricker, which terminated the lease from her son, John W., to her.  As to when this occurred the evidence was very unsatisfactory, but some time, it seems, about the year 1884.  When it did transpire, plaintiff, by virtue of his marital rights under the statute then in force, became entitled to the possession of the lots, his wife having the title in fee simple, and not as separate property, and he had the right to sue therefor in his own name.  *Mueller v. Kaessmann*, 84 Mo. 318, and authorities cited; *Bledsoe v. Simms*, 53 Mo. 305; *Wilson v. Garaghty*, 70 Mo. 517; *Flesh v. Lindsay*, 115 Mo. 1.

By section 6869, Revised Statutes, 1889, it is provided that *all real estate* and personal property belonging to any married woman, together with all increase and profits thereof, *shall be and remain her separate*

*property*, *and under her sole control*, and, as by section 6864, Revised Statutes, she is vested with power to sue and be sued at law or in equity, the rule as theretofore announced has, since that revision, been different, and she may now sue in ejectment for the possession of her own land without joining her husband in the suit with her as if she were a *feme sole.*

The married woman's act as it now stands, in so far as the marital rights of the husband to the possession of land belonging to the wife are concerned, materially changed his common law rights, and, in legal contemplation, as completely deprived him of all right to the possession or control of the increase and profits, as if it belonged to some other person.

But the fact that the right of plaintiff's wife to sue in her own name for her separate property was conferred upon her by the Revised Statutes of 1889, did not deprive him of a right already vested, that is, the right to the possession of the lots, from and after the death of Mrs. Ricker, at which time the right accrued. *Leete v. Bank*, 115 Mo. 184.

Two questions then arise for consideration: *First,* did the statute of limitations begin to run against the husband from the time of the death of Mrs. Ricker, at which time he became entitled to the possession of his wife's interest in the lots? *Second,* if so, was the action barred at the time of the commencement of this suit, January 27, 1893?

Upon these questions, defendants asked and the court refused to declare the law to be as follows:

"2. The plaintiff seeks to recover in this case under the alleged title in his wife claimed to have been inherited from her deceased brother, John W. Ricker. If a right of action has existed in favor of plaintiff for the period of ten years or more, next before the commencement of this action, and said property, during all

that time, has been in the actual and exclusive possession of the defendant, Jennie Willis, and Mrs. Mary J. Spivey, from and under whom said defendant claims, who, respectively, claimed said property as their own absolutely, then the right of action, if any existed in said plaintiff, is barred by the statute of limitations and the finding and judgment should be for the defendant.''

While, under the Missouri statute, as it was at the time of Mrs. Ricker's death, plaintiff's interest in the lots of his wife was exempt from attachment or levy of execution for his sole debts, and no conveyance made by him during coverture of the rents, issues and products, or of any interest in such real estate, would have been valid, unless the same was by deed executed by the wife jointly with him, and acknowledged by her in the manner then provided by law in the case of the conveyance by husband and wife of the real estate of the wife, except for necessaries for the family, and for debts for labor or materials furnished upon, or cultivation or improvement of, such real estate, the law seems to be that, as against him, the statute of limitations began to run in favor of defendants and Mrs. Spivey, under whom they claim, at the death of Mrs. Ricker, which event terminated the lease, and entitled plaintiff to the possession. *Peck v. Lockridge*, 97 Mo. 549; *Kibbie v. Williams*, 58 Ill. 30; Schouler on Husband and Wife, sec. 168; *Lessee of Thompson's Heirs v. Green*, 4 Ohio St. 216; *Weisinger v. Murphy*, 2 Head (Tenn.), 674; *Shortall v. Hinckley*, 31 Ill. 219.

Where the husband sues in right of his wife, as in the case at bar, he can not avail himself of her disability. 2 Wood on Limitations [2 Ed.], sec. 240; *McDowell v. Potter*, 8 Pa. St. 189. But the wife's right of entry will be postponed until the termination of the coverture by death of the husband or coverture. *Lessee of Thompson's Heirs v. Green, supra.*

In order to show that plaintiff's cause of action was barred by the statute of limitations it devolved upon defendants to show, by the weight of the evidence, possession of the premises for ten or more consecutive years from the time of the death of Mrs. Ricker before the commencement of this suit. While the evidence upon this question was indefinite it tended to show that she died in 1884, rather than before that time, and in this failed to sustain that defense.

There was no evidence upon which to predicate this declaration, and it, as well also as all others asked by defendants, was properly refused. Judgment affirmed. All of this division concur.