Macfarlane, J.
The suit is ejectment to recover a tract of land in Dallas county. The answer is a general denial. Plaintiff is the wife of Robert S. Bains. The husband is not joined as a party to the suit. The title to the land is vested in Robert S. Bains and Mag- . gie Bains, under deeds dated respectively October 15, 1888, and April 16, 1891. Each of the deeds conveys a distinct parcel of the land. It was agreed that defendants were in possession.
Plaintiff went into possession of the land under these deeds. Plaintiff afterward locked the house and went to her mother’s to stay, because she was “afraid to stay there.” She left some of her goods in the house. Defendants afterward took possession.
The evidence tended to prove that the improvements on the land were damaged by defendants to the extent of $25, and that the value of the rents and profits was fifty dollars.
A demurrer to the evidence offered by defendants at the close of plaintiff’s evidence was overruled. Defendant offered no evidence, and judgment was rendered for plaintiff for possession of one undivided half *121 of the premises and for $50 damages, and defendant appealed.
I. Defendants insist that the demurrer to the evidence should have been sustained for the reason that the conveyances show that the title to the land was held by plaintiff and her husband by the entirety; that the husband was therefore entitled to possession during their joint lives, and the suit should have been prosecuted in his name.
In respect to the legal effect of a conveyance of land to a husband and wife in fee no change of the common law has been made by statute. Such a conveyance created, and still creates, a tenancy by the entirety. Being but one person in law, the husband and wife took, and still take, the estate as one person. E. S. 1889, sec. 8844; Garner v. Jones, 52 Mo. 71; Hall v. Stephens, 65 Mo. 678; Corrigan v. Tiernay, 100 Mo. 276; Russell v. Russell, 122 Mo. 236.
The husband, being the one person at common law, had the absolute control of the property during their joint lives. He could sue in his own name for possession of the property or in trespass for its injury. Hall v. Stephens, supra.
These rights he had at common law, though the legal estate was vested in the wife. So it has been uniformly held by this court, before the revision of 1889, that the husband is the only proper and necessary party to maintain an action to recover possession of the land of the wife when she holds a legal, as distinguished from a separate or equitable, estate therein. Peck v. Lockridge, 97 Mo. 558; Gray v. Dryden, 79 Mo. 106; Cooper v. Ord, 60 Mo. 420.
But by the married woman’s act, as revised in 1889, all the real estate belonging to the wife is declared to be her separate property, and she is authorized to *122 sue for the possession thereof, in her own name, and without joining her husband with her. R. S. 1889, secs. 6864 and 6869; Arnold v. Willis, 128 Mo. 145.
But it is urged that, as the estate is vested in the husband and wife by the entirety, the statute giving the wife a right of action does not authorize her to sue alone for the violation of the joint rights of herself and husband. But an estate of this character is not a joint or common estate. The conveyance vests in the husband and wife each the entire estate, not a joint interest. Each is entitled to possession as against every person except the other. It is true the estate is entire and can not, by partition or otherwise, be segregated while the marital relation exists, so as to give each grantee either an undivided interest in the land, or á right in severalty to a particular part of it. Russell v. Russell, supra. But it is also true that the grant vests in each grantee the entire estate. The statute abolishes the legal unity between husband and wife, which gave rise to estates by the entirety, but the estate itself has not been abolished. Sec. 8844.
The marital control by the husband over the real estate of the wife is removed and she is given the power to sue “at law or in equity with or without her husband being joined with her as a party.” The right to sue in her own name seems to be unlimited. That she has the right to sue in ejectment to recover possession of her land has been decided. Arnold v. Willis, supra.
Under the deeds to herself and husband, then, plaintiff holds the entire estate in the lands claimed. Defendants do not claim under the husband, nor does it appear that the possessory rights of the husband will, in any manner, be affected by the suit of the wife or any judgment she may recover. Plaintiff, therefore, as against defendants, is entitled to the possession and has a right of action therefor.
*123 The court rendered judgment for only an undivided half of the land. This was error. There could be no division of the estate. The estate of the husband was not an outstanding title under which defendants could protect their possession. Of this error plaintiff does not, and defendants can not, complain.
II. The evidence in the case is very meagre but we think it establishes with reasonable certainty these facts: Plaintiff went into and held the actual possession of the premises for a period of some duration under the deeds to herself and husband. She left the property temporarily, going to the home of her mother, for the reason that she was afraid to stay there. Her husband was at that time, we infer from the evidence, an inmate of an asylum for insane persons. When plaintiff left the premises she locked the door of the houses, leaving therein some of her goods. Within a short time thereafter defendants took possession of the property which they continue to occupy. They offered no evidence in justification of their entry and can only be regarded as trespassers. So far as appears from the record, the plaintiff was previously in possession of the land under a claim of right and defendants were mere intruders thereon. In such circumstances plaintiff’s prior possession, under a bona fide claim of title, will overcome defendant’s naked and unsupported possession. White v. Keller, 114 Mo. 481, and cases cited. For this reason also the judgment should be affirmed.
All concur.