MARTHA W. HOUGH, Respondent, v. JASPER COUNTY LIGHT & FUEL COMPANY, Appellant.

Kansas City Court of Appeals, December 2, 1907 and January 6, 1908.

1. **EJECTMENT: Easement: Title: Jurisdiction.** Where in ejectment the title is not in question and simply the right of possession under an easement is in issue, the title is not affected so as to divest the court of appeals of jurisdiction over an appeal.

2. ———: **Title: Tenants by the Entirety: Statutes.** Where a deed constitutes a husband and wife tenants by the entirety their rights are fixed by the common law and the statutes in force at the date of the deed and not affected by subsequent legislation.

3. ———: **Tenants by the Entirety: Survivorship: Statutes.** Husband and wife as tenants by the entirety hold the entire estate conveyed as one person, and there is no survivorship, and this doctrine was introduced in this state as common law and has not been altered by our statutes.

4. ———: ———: **Husband and Wife: Parties.** Where the husband and wife are tenants by the entirety the former alone can at common law maintain ejectment, and in an action of that nature the wife is not a proper party.

5. ———: ———: ———: ———: **Statutes.** And the statutes of this State have not changed the common law and the wife has no separate or severable interests from her husband and her identity is lost in the husband during his life time and she, as a tenant by the entirety, cannot maintain ejectment.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs, Judge.*

REVERSED.

*Thomas Dolan* for appellant.

(1) The court correctly found that the estate held by respondent and her husband in the land in controversy was that of tenants by the entirety. Gibson v. Zimmerman, 12 Mo. 385; Garner v. Jones, 52 Mo. 68; Hall v. Stephens, 65 Mo. 670; Russell v. Russell, 122

Mo. 236; Bain v. Bullock, 129 Mo. 117; Hall v. Stephens, 65 Mo. 670; Wilson v. Frost, 186 Mo. 311.   (2)  Section 4600, R. S. 1899, does not effect lands deeded to husband and wife, because such conveyances are, especially excepted from its operation.  Russell v. Russell, 122 Mo. 237; Wilson v. Frost, 186 Mo. 319.   (3)  The court likewise correctly held that Augustus W. Hough having granted permission to and invited the laying of the pipe across the land, was estopped to maintain ejectment against defendants on account of said pipes being on said land.  Maupin v. Railroad, 171 Mo. 196, and cases therein cited; McClelland v. Railroad, 103 Mo. 295; Seifert v. Withington, 63 Mo. 577; School District v. Lindsay, 47 Mo. App. 134.   (4)  Having held that the plaintiff, Augustus W. Hough, was not entitled to possession as against defendant, and that he and his wife, the respondent, held said land as tenants by the entirety, it was error to hold that respondent was entitled to possession, because:  (a)  The respondent and her husband being tenants by the entirety of the land in question, the husband had full control over the same during their joint lives, or at least during the existence of the marital relation.   Bains v. Bullock, 129 Mo. 119; R. S. 1889, sec. 8844; Garner v. Jones, 52 Mo. 71; Hall v. Stephens, 65 Mo. 678; Corrigan v. Tiernay, 100 Mo. 276; Russell v. Russell, 122 Mo. 236.  (b)   Hence, at common law the wife had no right to the possession of the land held by her husband and herself as tenants by the entirety, even if she held the land as her legal estate, the husband during the marital relation would be entitled to the possession, and the wife was not entitled to the possession as long as the marital right of the husband continued.   Hale v. French, 165 Mo. 438; Dyer v. Whitton, 89 Mo. 96; Shumate v. Snyder, 140 Mo. 77.   (c)  Respondent having no right to the possession, could not maintain ejectment, because in an order to maintain ejectment the plain-

tiff must be entitled to the possession. Finley v. Babb, 173 Mo. 257; Finley v. Babb, 144 Mo. 403; Newell on Ejectment, page 655. (5) With respect to the wife's right to possession, the common law rule controls the case at bar. The Married Woman's act, section 4340, R. S. 1899, which was amended in 1899 (sec. 6869, R. S. 1889), so as to give to married women a separate estate in their real estate, does not control in case at bar. Graham v. Ketchum, 192 Mo. 27; Vanata v. Johnson, 170 Mo. 269; Arnold v. Willis, 128 Mo. 149.

*McReynolds & Halliburton* for respondents.

(1) Defendant's answer admits plaintiffs' title, and its plea of estoppel is insufficient, and does not state facts upon which to base a defense against plaintiffs' right to recover. Ells v. Railroad, 51 Mo. 204; Barry v. Hartzell, 91 Mo. 137; Reynolds v. Gerner, 80 Mo. 474; State v. Bishop, 22 Mo. App. 435. (2) The title to the land in controversy having been acquired in 1886, Augustus W. Hough could not have conveyed any interest in his wife's (Martha W. Hough) part of this land by deed or other written instrument without his wife joining in same; much less by verbal consent, permission or grant. R. S. 1879, sec. 3295; Mueller v. Kaessmann, 80 Mo. 318; Gwinn v. Smurr, 101 Mo. 550; Flesh v. Lindsey, 115 Mo. 17; Craig v. Van Bebber, 100 Mo. 591; Arnold v. Willis, 128 Mo. 149. Sections 6864 and 6869 of Revised Statutes 1889, are identical with sections 4335 and 4340, Revised Statutes 1899, and section 6869 is the same as section 3295, Revised Statute 1879. (3) Martha W. Hough is competent to maintain this action without the joinder of her husband as plaintiff. She is a proper and necessary party plaintiff. Her husband is but a nominal party to the suit for her land and not necessary, but if a necessary party to the record as plaintiff he is here. He is not entitled to the possession of her land acquired after the

taking effect of section 3295, Revised Statutes 1879. This action is brought for the very purpose of disaffirming any alleged consent, permission or grant of license by her husband to defendant of her land and she is entitled to recover the whole as against defendant. Craig v. Van Bebber, 100 Mo. 591; Mueller v. Kaessmann, 84 Mo. 323; Bains v. Bullock et al., 129 Mo. 117; Johnston v. Johnston, 173 Mo. 114. (4) Augustus W. Hough had no separable interest in Martha W. Hough's title to the land in controversy, therefore no decree could have gone against him affecting plaintiff Martha W. Hough's rights and interest in the land. Gwinn v. Smurr, 101 Mo. 552. Mueller v. Kaessman, 84 Mo. 329; Edmondson v. Phillips, 73 Mo. 57; Kellogg v. Malin, 62 Mo. 429. Sections 3515 and 3519, Revised Statutes 1879, are in the same language in sections 598 and 602, Revised Statutes 1899.

JOHNSON, J.—This is an action in ejectment, the real object of which is to terminate the enjoyment by defendant, a corporation engaged in the business of supplying natural gas to its patrons, of an easement over land owned by plaintiffs for the maintenance of a pipe line used as a conduit for gas. It is admitted that plaintiffs, husband and wife, own a fee simple title to the lands as tenants by the entirety under a warranty deed executed and delivered to them in 1886 and that in April, 1906, defendant laid a pipe line across the land. Defendant does not claim an easement under grant by deed or other instrument in writing, but alleges in its answer "that plaintiffs herein gave their consent and permission and granted a license to lay a pipe line for the conveyance of natural gas underneath the surface of plaintiffs' land or across the same or such part of the same as is described in plaintiffs' amended petition for the purpose of supplying with natural gas the various mining plants and engines and boilers in the district in and about Webb City; that the laying

of such pipes was attended with great cost and expense and the removal of said pipes now would be attended with great loss and pecuniary loss to defendant and its patrons from interrupting the flow of gas and plaintiffs should now be estopped from regaining possession of said land or causing said pipe to be removed."

This defense was put in issue by an appropriate reply, a jury was waived and evidence introduced by the respective parties from which it appears that before defendant entered the land to lay the pipe, it obtained oral permission from the husband plaintiff. His wife was not consulted, nor is it shown that she had knowledge of the fact that he had given the permission until after the line was laid. On these facts, the court found against Mr. Hough, but in favor of Mrs. Hough and adjudged that she "be restored to the possession of said lands and tenements." In other words, the judgment provides for the eviction of defendant from the land at the suit of the wife but not of the husband. From this judgment defendant appealed. Mr. Hough did not appeal.

Defendant then filed a motion to transfer the cause to the Supreme Court on the ground that the title to real estate is involved and will be directly affected by the judgment of the appellate court, but we overruled the motion under the view advocated by plaintiff that, since the parties concede that the title to the land is vested in plaintiffs, the cause of action deals only with the issue of the right to possession and, therefore, does not affect the title in a sense to divest this court of jurisdiction over the appeal. [Price v. Blankenship, 144 Mo. 203; Fisher v. Johnson, 139 Mo. 433; Barber Asphalt Paving Co. v. Hazel, 138 Mo. 238; Bruner Granitoid Co. v. Klein, 170 Mo. 225; Klingelhoefer v. Smith, 171 Mo. 460; Balz v. Nelson, 171 Mo. 1. c. 688; Porter v. Railroad, 175 Mo. 96.]

To maintain an action in ejectment, a plaintiff

must prove that at the commencement of the suit he had the legal title to the land and was entitled to its possession. [144 Mo. 203; 2 Greenleaf on Evidence (16 Ed.), sec. 304.] With the fact conceded that plaintiffs had the legal title to the land in controversy, the main issue in the circuit court was over the question of the right of possession. That issue as far as it relates to the husband's claim, was settled adversely to him by the judgment rendered from which he failed to prosecute an appeal, and our present concern therefore, is restricted to the question of whether or not Mrs. Hough has a right of possession of which she is being deprived by the acts of defendant performed entirely without her consent. A proper treatment of the question requires consideration of the rules and principles of the common law applicable to the status and rights of a married woman during coverture, as a tenant by the entirety, and then of the statutory law relating to that subject in force at the time the estate was created which, as stated, was in 1886. The respective rights and interests then acquired by the husband and wife under the deed conveying the land to them became fixed and vested on the delivery of the deed and were not enlarged, abridged, or otherwise affected by subsequent legislation. [Graham v. Ketchum, 192 Mo. 15; Vanata v. Johnson, 170 Mo. 269; Arnold v. Willis, 128 Mo. 149; Leete v. Bank, 115 Mo. 184; Bains v. Bullock, 129 Mo. l. c. 119.]

In speaking of the peculiar characteristics of a tenancy by the entirety, the Supreme Court, in Garner v. Jones, 52 Mo. 68, said: "At common law, a conveyance in fee to husband and wife, of real estate, created a tenancy by the entirety. Being but one person in law, they took the estate as one person. Each being the owner of the entire estate; neither of whom had any separate or joint interest but a unity or entirety of the whole. So if either died, the estate continued in the

survivor, as it had existed before; an undivided unity or entirety. There was no survivorship as in joint tenancies, but a continuance of the estate in the survivor as it originally stood. The only change by death was in the person, not in the estate. Before death they both constituted one person holding the entire estate, and after the death of either the survivor remained as the only holder of the estate. This principle was introduced into this State as a part of the common law and it has not been altered by our statute of conveyances. [See Gibson v. Zimmerman, 12 Mo. 385.]"

Following the theory that husband and wife were a unit in person, the husband by virtue of marital right stood as the legal personification of the unit and, as such, enjoyed the right to the absolute possession and control of the entire estate during the joint lives of the tenants. He, alone, could maintain ejectment and in an action of that nature, the wife was not a proper party. [Hall v. Stephens, 65 Mo. 678; Garner v. Jones, supra; Russell v. Russell, 122 Mo. 235; Bains v. Bullock, supra.] "This right of the husband," the Supreme Court said in Vanata v. Johnson, 170 Mo. 269, "arose from the marital relation, and was not in any sense a right of curtesy, initiate or otherwise, and did not depend upon the birth of a child." Under these principles of the common law, it is very clear that Mrs. Hough, as a tenant by the entirety, had no right to the possession of the estate, could not maintain ejectment in her own name, and could not be joined with her husband as party plaintiff in an action of that character.

The question of the effect of the statutory law in force in 1886 to emancipate a married woman from the application of these common law principles has been before the Supreme Court on a number of occasions and each time decided against the contention that prior to the revision of the statutes in 1889 a married woman might sue in ejectment for the possession of her own

land. [Arnold v. Willis, supra; Peck v. Lockridge, 97 Mo. 558; Gray v. Dryden, 79 Mo. 106; Cooper v. Ord, 60 Mo. 420; Vanata v. Johnson, supra; Graham v. Ketchum, supra; Bains v. Bullock, supra.] In the last case cited, it was said: "These rights he had at common law, though the legal estate was vested in the wife. So it has been uniformly held by this court, before the revision of 1889, that the husband is the only proper and necessary party to maintain an action to recover possession of the land of the wife when she holds legal, as distinguished from a separate or equitable, estate therein."

If this is the rule that should obtain were we dealing with the separate estate of the wife acquired prior to the revision of 1889, *a fortiori* should it be applied in a case where her interest is that of tenant by the entirety since, in estates of the latter class, the wife, at common law, had no separate nor separable interest and her very identity was lost in that of her husband during his lifetime.

These considerations compel the conclusion that Mrs. Hough, cannot maintain a cause of action in ejectment, and, accordingly, the judgment is reversed. All concur.