Mr Chief Justice Marshall
 

 delivered the opinion of the Court.
 

 Auguste A. Chouteau and others, devisees of Auguste Chou-teau, presented their petition to the court of the United States for the district of Missouri, praying that their title to one thousand two hundred and eighty-one arpents of land, near the town of St Louis, in the state of Missouri, which they claim under the following circumstances, be confirmed.
 

 . The late Auguste Chouteau applied to. the then existing, governor of upper Louisiana for permission to establish a distillery in or near the town of St Louis ; which permission was granted on the 3d of January 1800.
 

 He then petitioned for a concession for one thousand two hundred and eighty-one superficial arpents of land, to furnish fire wood for his
 
 distillery;
 
 which was granted in the following words.
 

 “ St. Louis of Illinois, January 5 th 1800.
 

 “ Being satisfied that the applicant has sufficient means to make available in the term of the regulation of this province
 
 *143
 
 the lands which he demands, the surveyor of this upper Louisiana, Mr Anthony Soulard, will put him in possession of the one thousand two hundred and eighty-one arpents of land in the place where he asks it; and afterwards the applicant will have to solicit the formal title of concessions of the intendant-general of these provinces, to whom belongs, by order of his M — , the disposing and conceding every kind of vacant lands of the royal domains.
 

 “ Charles Dehault Delassus.”
 

 The permission of the governor-general ib erect the distillery is alluded to in the following letter from him to Mr Delassus.
 

 “ New Orleans, May 20th 1799.
 

 “ My dear friend : Wishing to testify to you my esteem by every opportunity, I merely assure you of my esteem, promising to answer your letter by the boat that just arrived; and which will leave here next week.
 

 “In my instructions to Mr Delassus, I recommend him particularly to favour all your undertakings, &c. &c.
 

 “ Adieu: I am in ouch
 
 d
 
 hurry that I have but the time to tell you that I am your sincere friend and most humble servant,
 

 “-Manuel Gayoso be Lemos.” ■
 

 The order of survey was executed on the 10th of April 1801, and the petitioner put into possession, which he retained till bis death, having first made his last will, in which he devised it to the petitioners, who have taken all the steps required by law, to preserve their claim.
 

 The petition prays for a confirmation of the title. • The answer of the district attorney admits nothing, and submits the case to the court on the proof to be made by the petitioners. The erection of the distillery, and the manufacture of spirits'to a considerable extent, the' apparent motives to the grant, are fully proved.
 

 The distinction between the case of Chouteau and others, and that of Delassus, whose title has been confirmed, consists in. this. The concession to Delassus was. made by the lieutenant governor of upper Louisiana by direction of the governor-general, at a time wheji the power of granting land was vested in
 
 *144
 
 the governors of provinces. This power was transferred to the intendant-general in 1799, after which transfer in 1800, the order of survey under which Chouteau claimed, was made by the lieutenant governor. The validity of the order depends on the authority of the lieutenant governor to make it. Chouteau alleges in support of this authority, that the lieutenant-governor was also sub-delegate, in which character he was empowered to grant incomplete titles.
 

 Several documents have been laid before the court which satisfy us that the.lieutenant governors wére, by virtue of their office, sub-delegates. In the record in Soulard’s- case, which we understand is to be consideradas an exhibit in this, a letter from the lieutenant governor Delassus to the surveyor-general is introduced, in which he recites a letter of Morales, the in-tendant-general, to him, dated the. 1st of December 1802; informing him that in consequence of the death of the assessor he had closed the tribunal of affairs and causes relating to, grants and confirmations of royal lands. The letter adds : “ I make this communication in order that, apprised of this providence, you may not receive, frame or transmit memorials soliciting lands until farther order’s.”'
 

 In a letter of the 26th of August 1799, addressed by Morales to Don Carlos Dehault Delassus, in which he notices instructions given by Delassus to Roberto M’Kay, in his character of sub-delegate, he observes, “ I must say, that it being contrary to law that one sub-delegate should transfer his powers to another, the instruction given by you cannot, nor ought to have effect; and the more so, as the sub-delegation of the inten-. dancy is local.”
 

 In a certificate given by Don Gilberto Leonard, treasurer of the army, and Don Manuel Gonzalez Armirez, ministers of the royal treasury, &c. of the province of Louisiana, they certify that in pursuance of. a decree of the senior intendant-general ad interim, the senior colonel Charles Dehault Delassus, formerly commandant of the port of New-Madrid, and lieutenant governor of St Louis-of the Illinois, with the sub-delegation of the royal treasury in both situations, &c.
 

 In the claims laid before the commissioners, and confirmed, are several which originated with Delassus after the power of granting lairds was transferred from the governor to thq inten-
 
 *145
 
 dant-general. This very'order of survey was. executed by the surveyor-general in 1801. Possession was delivered to Chou-teau which was retained by him during His life; and appears to have remained with his devisees since his death.
 

 On this point the report made by the recorder and commissioners to congress under the act of the 9th' of July 1832, and the 2d of. March 1833, cannot be disregarded. They spe&k of the union of the two offices of lieutenant governor and sub-delegate, as being universally understood and admitted.
 

 Charles Dehault Delassus, lieutenant governor of upper Louisiana, whose deposition appears to be annexed to the report of the commissioners, deposes, “that all the lieutenant, gover-. nors of upper Louisiana were, in virtue of their offices as-lieutenant governors, likewise subrdelegates.' That, the offices of lieutenant governor and sub-delegate were inseparable.” Morales, immediately after the sale of the royal lands had been ■ transferred to his intendancy, assigns as one reason for issuing his regulations, “ that the commandants, as sub-delegates of the intendancy, may be informed of what they ought to observe.”
 

 If, as we think must be admitted, Delassus was sub-delegate as well as lieutenant governor, the- transfer of the power of granting lands belonging to the royal domain from the governor to the intendant-general, did not affect his power to give the order of survey on which the title of the petitioners depends. That order is the foundation of title, and is, according to the acts of congress and the general understanding and usage of Louisiana and Missouri, capable of being perfected into a complete title. It is property capable of being alienated, of being subjected to debts, and is as such to be held as sacred and inviolate as other property.
 

 The power of lieutenant governor Delassus in his character of sub-delegate to make this order of survey being established, all the principles settled in the preceding cases apply to this. No objection to the claim is perceived, and we think it ought to have been declared valid.
 

 The decree of the district court is reversed and annulled; and this court, proceeding to give such decree as the district court ought to have given, doth declare the claim of the petitioners to the tract of land in their petition mentioned tobe valid, and doth confirm their title to the same according to the boun
 
 *146
 
 daries thereof, as described in the survey made by Antonio Soulard, principal deputy surveyor of upper Louisiana on the 5th day of March 1801, a certificate of which appears in the record dated tire 10th day of April 1801.
 

 This cause came on to be heard oh the transcript of the record from the district court of the United States for the district of Missouri, and was argued by
 
 counsel;
 
 on consideration whereof, this court is of opinion that the claim of the appellants is valid and ought to be confirmed. Whereupon, ,it is ordered, adjudged and decreed by this cojirt, that the decree of the said district court in this cause be, and the same is hereby reversed and annulled, and this court, proceeding to pronounce such decree as the said district court ought, to have given, doth declare the claim of the petitioners to be valid, and doth confirm their title to the tract of land in their petition mentioned, according to the boundaries thereof as described in the survey made by Antonio Soulard, principal deputy surveyor of upper Louisiana, on the 5th day of March 1801, a certificate of which appears in the record dated the 10th day of April 1801.