MULHERIN, *Appellant*, v. SIMPSON *et al.*

Division One, November 12, 1894.

1. **Appellate Practice**: EVIDENCE: HARMLESS ERROR. Where a ruling upon a point of evidence appears affirmatively to have been harmless, it can not form a basis for reversing a judgment.

2. ———: NEW PARTY. Where no exception was saved to a ruling allowing a new party to come into the case as a defendant, that ruling can not be reviewed on appeal.

3. **Ejectment**: TITLE. A plaintiff in ejectment must recover on the strength of his own title, or right to possession.

4. ———: POSSESSION: PAPER TITLE. Defendants in possession of land may defend upon the paper title of their codefendant, who recognizes them as his tenants at will.

5. ———: EVIDENCE: LEGAL CONCLUSION. Where the court allows a witness in an ejectment case (depending, in part, on controverted possession), to state fully what acts were done by the parties in respect of the land in dispute, it is not error to refuse to allow the witness to say whether he took possession—that question calling rather for a legal conclusion than for facts.

6. ———: POSSESSION: PATENT: LIMITATION: SPANISH TITLE. · A possession under United States patent, for the period of limitation, must prevail over a title ·conferred by a grant of the Spanish government before the acquisition of the territory by the United States.

7. ———: PRIOR POSSESSION: LIMITATION. Where no title appears on either side of the case, a prior possession, though short of the bar of limitation, will prevail over a subsequent possession, not ripened into title, provided the prior possession was under claim of right and has not been abandoned. But mere possession is no defense against the paper title, unless continued for a period sufficient to put the statute of limitations into effect.

*Appeal from Pike Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*J. H. Blair* for appellant.

(1) A deed, even though void, may constitute color of title. Buswell on Stat. Lim. and Adverse Possession [Ed. 1889], secs. 255 and 259; *Bartlett v. Kauder*, 97 Mo. 356; *Collins v. Rogers*, 63 Mo. 515. (2) The court erred in not permitting J. E. Forgey to testify whether or not he took possession of the land under his purchase from Nere Valle. It was proper to show possession in Forgey under color of title. Possession of different holders may be united so as to make up the statutory period to acquire title by limitation. *Bartlett v. Kauder*, 97 Mo. 356; *Cooper v. Ord*, 60 Mo. 420. (3) Instruction number 1, asked by

plaintiff, should have been given. The defendant Riggs having no paper title, and plaintiff having had prior possession, claiming the fee, it will prevail over Riggs' subsequent possession, or those claiming under him. *Crockett v. Morrison*, 11 Mo. 3; *Dale v. Faivre*, 43 Mo. 556; *Bledsoe v. Simms*, 53 Mo. 305; *Davis v. Thompson*, 56 Mo. 39; *Cooper v. Ord*, 60 Mo. 420; *Martin v. Bonsack*, 61 Mo. 556; *Hunt v. Railroad*, 75 Mo. 252. (4) Instructions numbers 2 and 3, asked by plaintiff, should have been given. R. S. 1889, sec. 6768; *Harbison v. School District*, 89 Mo. 184; *McElhinney v. Kraus*, 10 Mo. App. 218. (5) The court erred in refusing instruction number 5, asked by plaintiff. Defendants Simpson and Fulton, in their answer, claim to be in possession of the land as tenants at will of Riggs, and Riggs, in his answer, asserts that Simpson was in possession as his tenant. A tenancy at will must be created by express contract. No contract was proved or attempted to be proved. *Ridgely v. Stilwell*, 25 Mo. 570; *Williams v. Deriar*, 31 Mo. 13; *Desloge v. Pearce*, 38 Mo. 588, at side page 600. (6) The court erred in refusing to give instruction number 6, asked by plaintiff. *Bryan v. Kenneth*, 113 U. S. 179; *Soulard v. United States*, 4 Pet. 511; *Slidell v. Grandjean*, 101 U. S. 412; *Doolin v. Carr*, 8 S. C. Rep. 1228; *Strother v. Lucas*, 12 Pet. 410; *Smith v. United States*, 10 Pet. 326; Treaty ceding Louisiana to United States by France, and act of congress, May 26, 1824, pages 196 and 593, 2 White's New Collection of Land Laws [Ed. 1839]. (7) Defendant Riggs was estopped by his conduct to assert title to the land. 7 Am. and Eng. Encyclopedia of Law, p. 16; *Favill v. Roberts*, 3 Lans. 14; *Goodman v, Winter*, 64 Ala. 410; *Landrum v. Union Bank*, 63 Mo. 48; *Collins v. Rogers*, 63 Mo. 515; *McNees v. Swany*, 50 Mo. 388; *Evans v. Snyder*, 64 Mo. 516; *Austin v. Loring*, 63 Mo. 19.

*Clark & Dempsey* and *Fagg & Ball* for respondents.

(1) The bill of exceptions was not filed in time and ought to be disregarded. *State v. Scott,* 113 Mo. 559. (2) The appellant having failed to show any paper title to the land in controversy or adverse possession of it for any length of time, and respondents having shown that the respondent, Riggs, not only had a good paper title, but that all defects, if there ever were any, had been cured by the statute of limitation, it was the duty of court to instruct the jury to find for respondents. *Large v. Fisher,* 49 Mo. 307; *Foster v. Evans,* 51 Mo. 39; *Marvin v. Elliott,* 99 Mo. 616; *Whitmore v. Crawford,* 106 Mo. 435; *Wilkerson v. Eilers,* 114 Mo. 245; *Turner v. Railroad,* 112 Mo. 542; *Land Co. v. Hays,* 105 Mo. 143. (3) Appellant showed no right to recover, even against Simpson and Fulton. *Duncan v. Able,* 99 Mo. 188; *Meier v. Meier,* 105 Mo. 411. (4) As the United States had conveyed the land in controversy prior to the time the Chouteau grant was confirmed, the surveyor general was bound to locate said grant upon lands described in the decree. *United States v. Low,* 16 Pet. 162; *United States v. Levy,* 13 Pet. 81; *United States v. Huertas,* 9 Pet. 171. (5) Respondents and each of them had the right to show an outstanding title. *Dunn v. Miller,* 75 Mo. 260; *Gurno v. Adm'rs of Janis,* 6 Mo. 330; *Norcum v. Doench & Ringling,* 17 Mo. 98; *Schultz v. Lindell,* 30 Mo. 310. (6) The rule relating to prior possessions does not obtain in case where title is shown as in this case. *Prior v. Scott,* 87 Mo. 303; *Bledsoe v. Simms,* 53 Mo. 305. (7) Appellant was barred under section 6770, Statute, 1889.

BARCLAY, J.—This is an action of ejectment to recover a piece of land in Pike county. The piece is described in the petition: "All of the south part of the fractional west half of the northeast fractional quarter of section 11, township 52, range 1, east, that lies within the boundaries of survey number 2971, granted by the Spanish government to Auguste Chouteau, supposed to contain thirty-nine acres."

The plaintiff is Mr. William H. Mulherin.

The principal defendant is Mr. Samuel M. Riggs, who became a party, on his own motion, as the owner of the land, the other defendants, Mr. Simpson and Mrs. Fulton, disclaiming title, and asserting a right to possession as tenants of Mr. Riggs.

The petition (filed, Aug. 1, 1889) is in the ordinary statutory form. R. S. 1889, sec. 4631.

The cause was tried with the aid of a jury, and the latter returned a verdict for the defendants.

Plaintiff then appealed after the necessary steps for a review.

There were two main issues presented by the plaintiff's evidence at the trial: *first*, that of his right to recover on the ground of mere possession; *second*, his right to recover upon a possession, supported by color of title.

On both of these issues the evidence was conflicting.

It will not be necessary to the proper treatment of the points raised in the pending appeal, to set forth the testimony at large. It will be enough to indicate its general effect and purport, with reference to the rulings on which errors are assigned.

1. Plaintiff claims as purchaser of the interest or estate formerly owned by Mr. John E. Forgey, who was the principal witness for plaintiff.

So far as plaintiff's right of recovery based on mere possession is concerned, that issue was distinctly submitted to the jury, and found by the latter in favor of defendants, under instructions, some of which will be more particularly specified further on.

2. In order to show color of title, plaintiff endeavored to establish that the land in suit fell within the limits of a Spanish grant to Auguste Chouteau, since confirmed by the United States government. *Chouteau's Heirs v. United States* (1835), 9 Pet. 137.

Mr. Forgey's claim to the land was sought to be traced to that source of title. He attempted to prove, by his own verbal testimony, that a deed to him (Forgey) by Mr. Nere Valle (who had acquired part of the original Chouteau tract) was mutually intended to cover the land now in suit, though it did not, in fact, by its terms include it.

The court, upon objection, excluded the offer of oral evidence to that effect.

But, later in the trial, Mr. Forgey was allowed to testify that Mr. J. Gilman Chouteau (representing the same interest as Mr. Valle) had executed to Mr. Forgey a corrected deed to the land Mr. Forgey had actually acquired through Valle.

But it appears, from the terms of the corrected deed, that it conveyed the east half of the northwest quarter of section 11, etc., whereas, the land in suit is in the west half of that quarter section, as indicated by plaintiff's own petition.

Notwithstanding the ruling above mentioned, Mr. Forgey as a witness was allowed later to state, that the description in the deed of Mr. Valle was not correct, and that Mr. Chouteau's deed had corrected it. The Chouteau deed was read in evidence, during the course of the trial.

In this condition of the case we are at a loss to see

what prejudice plaintiff could have sustained by the ruling, excluding the evidence of mutual mistake in the description in the Valle deed to Forgey, irrespective of any question of the abstract correctness of that ruling.

It is the duty of this court to disregard all such errors as may have had no prejudicial bearing upon the rights of the losing party on the merits of the case as developed in the trial court. R. S. 1889, secs. 2100, 2303.

3. It is contended that the circuit court erred in allowing Mr. Riggs to be made a party defendant; and in permitting the other defendants to justify under his title.

On the first phase of that contention it is sufficient to say that no exception was taken to the order, sustaining the motion of Mr. Riggs to come into the case as a defendant.

No exception to a ruling on such a motion can be interposed for the first time in the supreme court. It must be seasonably made in the trial court, otherwise it can not be reviewed on appeal. R. S. 1889, sec. 2302.

On the other branch of this assignment of error, the defendants, Mr. Simpson and Mrs. Fulton, were originally defendants, charged with being in possession, adverse to plaintiff's rights. They disclaimed ownership by their answer; and alleged that they held as tenants at will of Mr. Riggs. The answer of the latter recognized that tenancy.

In that state of the record, a right to possession of the land in Mr. Riggs, based on his record title, would protect all holding under him, as his codefendants claimed to do.

The plaintiff in ejectment must recover, if at all, on the strength of his own title, or right to possession.

Mr. Riggs claimed title, through mesne conveyances, under a patent from the United States government to Thomas Boxley in 1829. His chain of conveyances was complete; and unless he had lost his rights by the adverse occupancy of others, he plainly was entitled to possession, upon his paper title (which the court rightly interpreted and construed), if the piece of land in question came within the calls in the description, as a matter of fact. This being found by the jury to be so, the other defendants in possession were entitled to defend against plaintiff upon Mr. Riggs' title—especially as the pleadings showed their friendly and subordinate relation to that title.

4. It is next insisted that the court erred in sustaining an objection to a question put to Mr. Forgey, as a witness, namely: "Did you take possession under the purchase from Valle?"

Notwithstanding the objection and exception, however, the witness was permitted to reply that he sold the land in controversy to plaintiff. The latter, in due time, gave in evidence his acts in regard to the possession as follows, viz.:

"I took possession of the land in 1873.

"Q. Where is the house? A. On the fifty-one acres. ·The fifty-one acres are not in controversy.

"Q. What did you do with this land in controversy? A. Nothing. The water was over it.

"Q. Did you build a fence on it? A. Nothing at that time. Later on; in 1879, I built a brush fence.

"Q. Did you do work on the land? A. Yes, sir; about $100 worth. When it was levied, the water did not overflow it any more. I kept possession of it from 1873 to 1875, and got it back in 1879, and held possession two years.

"Q. Refresh your memory. Was it not in the latter part of 1882? A. I think it was. Defendants

Simpson and Fulton have had possession of it ever since."

It is evident, from other rulings of the court and the whole course of the trial, that the objection to the question first above quoted was sustained because the question called rather for a conclusion of the witness than for facts.

While possession is often a mere issue of fact, in cases of this sort, it does not follow that such a question as is now before us is always a proper one.

Whether or not the acts of the parties in reference to the property, amounted to a taking of possession, was an important inquiry, in the case at bar. The court allowed the fullest latitude of examination as to what was done in reference to the land by plaintiff and his predecessor in title, Mr. Forgey. Having admitted that evidence, we think there was no substantial error in refusing to allow the latter witness to say whether he had taken possession or not. The court did not decline to allow him to fully state all his acts in relation to the land. It merely declined to allow him to give a legal construction to his acts in that regard.

5. It is, furthermore, urged with great ingenuity and ability, by the eminent counsel for plaintiff, that the United States never acquired title to the land patented to Boxley (under whom Riggs claims), because it was embraced within the grant to Chouteau by the Spanish government before the acquisition of the territory of Louisiana by the federal government.

It will not be necessary to follow counsel though the course of his argument on that subject. Whatever may be its force, it seems to us very clear that the Boxley patent, and the various private conveyances of the same property, since made and duly recorded, constituted color of title, at least, and that the possession of Riggs under those conveyances (which the evidence

tended to prove) would ripen into a perfect title by lapse of time, and by the force of our statute of limitations.

The learned argument on this branch of the case depends, moreover, on the assumption that the land in dispute falls within the original Spanish concession to Chouteau. That fact is denied by the finding of the jury under the evidence in the case, which consisted of various surveys and other testimony touching the location of the piece of land in suit. There was abundant foundation for the finding that that piece of land was not within the concession to Chouteau.

6. Plaintiff complains of the modification of one of his requests for instructions. The instruction as given by the court is indicated below. It was asked without the words which we have inclosed in brackets, viz. :

4. "The court instructs the jury that if, prior to the time the defendants Simpson and Fulton took possession of the land in controversy, the plaintiff was in possession thereof, and in good faith claiming to own the same, then their verdict will be for the plaintiff [as against defendants Simpson and Fulton]."

We think the modification by the court was entirely correct.

According to plaintiff's contention, defendants Simpson and Fulton were in possession as mere trespassers upon the prior possession of plaintiff, or of Mr. Forgey, plaintiff's predecessor in title. As to those defendants, the trial court sanctioned a recovery of damages if the jury found they had invaded plaintiff's possession.

It was held in *Bledsoe v. Simms* (1873), 53 Mo. 305 (and it has been held in other cases), that, where no title appears on either side, a prior possession, though short of the statutory bar, will prevail over a

subsequent possession which has not ripened into a title, provided the prior possession was under a claim of right and has not been abandoned.

The court gave plaintiff the full benefit of that rule; and, as defendants did not except or appeal, we need not consider whether plaintiff was entitled to have it applied to the facts in evidence. We are only concerned with the question whether the court should have declared the same rule as to defendant Riggs. The latter did not defend upon possession alone, but upon a paper title, as well, which the evidence tended to establish. As against that title, mere possession by plaintiff or Mr. Forgey would not furnish a basis of recovery in this action, unless that possession had continued for the requisite period to put the law of limitation into force against the rights of Riggs.

The instruction as refused did not accurately present that idea. It was so worded as to indicate a basis for plaintiff's recovery against Mr. Riggs on the theory of possession only, without the requisite duration of such possession to carry title. It could not justly have been applied to the defendant Riggs under the evidence. There was no error in denying it as originally asked.

7. A number of subordinate points have been raised, but it does not seem to us necessary to discuss each at length.

We think the cause was fairly tried, and that no substantial error against plaintiff has been pointed out in the record before us.

The judgment is affirmed.    BLACK, C. J., and BRACE and MACFARLANE, JJ., concur.