EDMONDSON *et al.*, *Appellants*, v. THE CITY OF MOBERLY.

| 98 523|
|f152 301|

1. **Municipal Corporations:** GRANT OF POWER: LIMITATION. The grant of a general power to a municipal corporation must be regarded as subject to the just limitation forbidding its exercise in such manner as to create a nuisance injurious to private rights of property, where such a consequence is not a necessary result of exercising the power.

2. ———— : NUISANCE : INJURY : DAMAGES. An action will lie against a city for a nuisance, injurious to plaintiff's property, created by it by the building of sewers under a general power conferred by its charter, where the injury complained of is peculiar to plaintiff by reason of the proximity of the nuisance to his property, in consequence of which he sustains discomfort and annoyance in its possession and diminution in its value, not shared in by the community in general.

3. **Husband and Wife, Deed to:** ESTATE BY ENTIRETY : EVIDENCE. The effect of a deed naming husband and wife as grantees is to create an estate by entireties, and to give to both husband and wife a substantial interest in the property, and both are competent witnesses in an action for an injury to it, irrespective of their marital relation.

4. **Municipal Corporations:** TORT : STATUTE. The act of 1885, providing for the ascertainment of damages to private property for public use (Acts, 1885, p. 47) has no application to an injury in the nature of a tort committed by a municipal corporation.

*Appeal from Randolph Circuit Court.*—HON. G. H. BURCKHARTT, Judge.

REVERSED AND REMANDED.

MOBERLY was authorized by its charter to build and maintain a system of sewers for the drainage of its streets, etc., and for the maintenance of the public health. In 1885, under an ordinance to that effect, it constructed a number of sewers for the drainage of the city. These drains, when completed, discharged the sewage finally

into a small running stream or branch, near plaintiffs' residence within the city limits.

Plaintiffs' evidence tended to show that this discharge was so filthy and noxious that it polluted the stream, produced a sickening stench upon plaintiffs' premises, impaired their enjoyment of their home, diminished its value and caused sickness in their family.

The plaintiffs are husband and wife. Their deed to the property ( read in evidence ) names as grantees "G. W. Edmondson and Mildred Edmondson, his wife." The court refused to allow the plaintiff husband to testify, presumably because of such relationship.

At the close of the evidence the court declared the law to be that plaintiffs could not recover. On this they took a non-suit with leave, and ultimately appealed after the usual preliminaries.

*A. P. Terrill* and *W. A. Martin* for appellants.

(1) The evidence shows conclusively that the deposits were placed in the vicinity of appellants' property by the officers of the city, and it created a nuisance. *Beckley v. Skeoh*, 19 Mo. App. 75; *State v. Boll*, 59 Mo. 321. And it makes no difference if the statute did authorize the construction of the sewer. *State ex. rel. v. State Board of Health*, 16 Mo. App. 8; *Railroad v. Church*, 108 U. S. 317; *Smith v. McConathy*, 11 Mo. 517; *Whalen v. Keith*, 35 Mo. 87; Wood on Nuisances, secs. 1, 599. (2) Respondent is liable in this case. Wood on Nuisances, secs. 747, 748, 749. As to necessity for a sewer or its location, or the system or plan of sewerage, the decision of the proper municipal authority is conclusive, because it is the exercise of a discretion reposed in them by the law, and consequently is not revisable by the courts, but, if in the selection of a location it unnecessarily creates a nuisance to public or private rights, it is responsible therefor, or if

it improperly exercises any ministerial power incident thereto. Wood on Nuisances, page 847 ; *Franklin Wharf Co. v. Portland*, 67 Mo. 46 ; *Stetson v. Faxon*, 19 Pick. 147 ; *Bragton v. Rives*, 113 Mass. 218 ; *Haskell v. New Bedford*, 108 Mass. 208 ; *Woodward v. Worcester*, 121 Mass. 245 ; *Mill v. Cambridge*, 117 Mass. 396 ; *Morse v. City of Worcester*, 9 A. & E. Cor. Cas. 642 ; *Kiley v. City of Kansas*, 87 Mo. 103 ; *Seibert v. City of Brooklyn*, 14 A. & E. Cor. Cas. 440.

*Willard P. Cave* for respondent.

(1) If in the discharge of a duty imposed by law, a municipal corporation proceeds in a careful and prudent manner, the damages resulting therefrom to individuals are *damnum absque injuria*, and where its officers are invested with a discretion, the courts cannot revise it. Thus where a city is invested with a power to build sewers, this involves the power to determine the place they shall be built, and where a sewer was properly constructed originally and has been kept in proper repair since, the city cannot be made responsible for an error of judgment of the municipal authorities as to the capacity thereof, nor where it lays out, grades or improves streets, can it be held chargeable for the proper execution of the work. Wood on Nuisances (2 Ed.) sec. 751 ; *Trans. Co. v. Chicago*, 99 U. S. 635 ; *Fair v. Philadelphia*, 88 Pa. St. 309 ; *Wakefield v. Newell*, 12 R. I. 75 ; *Flori v. St. Louis*, 69 Mo. 341 ; *Toolan v. Lansing*, 38 Mich. 215.

BARCLAY, J.—Conceding full effect to the authority conferred by the city's charter to establish a sewer system, it yet falls far short of legalizing the municipal acts here in question. The power granted was general. It did not expressly indicate and sanction the particular arrangement of drains adopted. Hence the power itself must be regarded as subject to the just limitation forbidding its exercise in such manner as to create a

nuisance injurious to private rights of property where such a consequence is not a necessary result of exerting the power. This principle is now quite generally recognized as part of our American common law. *Seifert v. Brooklyn,* (1886) 101 N. Y. 136; *Morse v. Worcester,* (1885) 139 Mass. 389; *Balt. & Pot. R. R. v. Church,* (1883) 108 U. S. 317. It will not be necessary to elaborate the above statement of this rule or to attempt to deal with the difficulties attending its practical application. That it governs this case we have no doubt.

The evidence offered by plaintiffs tended to show that a nuisance, specially injurious to them, had been caused by the acts of defendant and justified the submission of their cause to the jury. The wrong of which plaintiffs complain is not merely public in its effect. It is peculiarly injurious to them by reason of its proximity to their abode, in consequence of which they sustain discomfort and annoyance in the possession of their property and a diminution in its value not shared by the community in general. Hence it may properly be the basis of a private action by them.

Regarding the admissibility in evidence of the testimony of George W. Edmondson, one of plaintiffs, it should be noted that the effect of the deed under which they hold the property is to create an estate by entireties. R. S. 1879, sec. 3949. Therefore both plaintiffs have a substantial interest therein and as such both are competent witnesses in an action for an injury to it, irrespective of their marital relation.

It is too evident to require discussion that the act of 1885 for the ascertainment of damages to private property for public use (Sess. Acts. 1885, p. 47) can have no application to an injury in the nature of a tort committed by a municipal corporation as here shown.

The judgment is reversed and the cause remanded. All concur except RAY, C. J., not sitting, and SHERWOOD, J., absent.