OSCAR F. SCHOEN, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, February 3, 1896.

1. **Nuisances:** PERMANENT OR TEMPORARY: DAMAGES. Injuries resulting from nuisances may be either permanent or temporary. The latter affect the land as an inheritance after the nuisance has been abated. When nuisances are such as may be abated and for the continuation of which other actions may be brought, permanent damages are not allowable.

2. ———: ———: EVIDENCE: SEWER. The evidence showing the nuisance in this case resulted from the temporary delay in the construction of a sewer, the damages were temporary.

3. ———: PUBLIC: PRIVATE: SPECIAL DAMAGES. When plaintiff suffers some special damage over and above the community in general, he may have his action therefor even though others may have like actions.

Schoen v. Kansas City.

4. ———: ABUTTING PROPERTY. Plaintiff's right to damages from a public nuisance is not affected by the fact that his injured property may not abut on the place of nuisance.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

*H. M. McDougal* and *Frank C. Sebree* for appellant.

(1) O. K. creek was the natural course of drainage for all lands sloping toward it, and the city had the power to use said creek for the drainage of that part of the city. Persons buying property in the vicinity of said creek must know that the city may exercise this power, and in this case the city was discharging sewage into the creek at the time and before plaintiff bought this property. Laws, 1875, 256; *Mining Co. v. Joplin*, 124 Mo. 129. (2) The court committed error in giving the instructions relating to, and permitting, a recovery on the first count of the petition. This count is solely for the recovery of permanent damages to the realty. *Bielman v. Railroad*, 50 Mo. App. 151; *Paddock v. Sommes*, 51 Mo. App. 320, s. c., 102 Mo. 226; *Carson v. Springfield*, 53 Mo. App. 289; *Smith v. Railroad*, 98 Mo. 20; *Pinney v. Berry*, 61 Mo. 359. (3) The creek does not adjoin plaintiff's property, but there is an intervening lot, and the damages plaintiff recovered were the same in kind as that suffered by all other persons in the same neighborhood, though they may have been different from some others in degree. He was, therefore, not entitled to recover at all. *Van De Vere v. Kansas City*, 107 Mo. 83; *Rude v. City of St. Louis*, 93 Mo. 408; *Fairchild v. St. Louis*, 97 Mo. 85; *Cannon v. St. Louis*, 97 Mo. 92.

*E. L. Noyes* and *Samuel Davis* for respondent.

(1) Appellant's first proposition is in direct conflict with section 21, article 2 (Bill of Rights), of the constitution of Missouri, which provides, "that private property shall not be taken or *damaged* for public use without just compensation." *Hickman v. Kansas City*, 120 Mo. 110; *Mining Co. v. City of Joplin*, 124 Mo. 129; *Markowitz v. Kansas City*, 125 Mo. 485; Wood on Nuisances [3 Ed.], sec. 433; *Martinowsky v. City of Hannibal*, 35 Mo. App. 70; *Scott v. City of Nevada*, 56 Mo. App. 189; *Edmondson v. City of Moberly*, 98 Mo. 523. (2) Appellant's second point is that respondent can not recover permanent damages for permanent depreciation to his property. This point was directly passed upon by this court in the case of *Babb v. State University*, 40 Mo. App. 175. When a nuisance is of such a character that its continuance is necessarily an injury, and it is of a permanent character so that it will continue without change, from any cause but human labor, then the damages are original, and may be at once fully compensated. *Givens v. Van Studdiford*, 4 Mo. App. 498; also reported in 72 Mo. 129, and 86 Mo. 149; *James v. Kansas City*, 83 Mo. 560, at p. 570; *Bird v. Railroad*, 30 Mo. App. 365, at p. 373; *Wallace v. Railroad*, 47 Mo. App. 491; *Scott v. City of Nevada*, 56 Mo. App. 189; *Spencer v. Railroad*, 58 Mo. App. 513; Sutherland on Damages [2 Ed.], secs. 1042–1047; Wood on Nuisances [3 Ed.], sec. 869. (3) The fact that respondent's property is thirty feet from the nuisance instead of on its banks does not prevent him from recovering. A nuisance does not have to be on or contiguous to plaintiff's property to give him a right of action. Where a public nuisance causes special damages to a plaintiff he has the same remedy for the damages as he would have had if the damages were produced by a

private nuisance. *Welton v. Edwards*, 7 Mo. 307; *Smiths v. McConathy*, 11 Mo. 518; Wood on Nuisances [3 Ed.], secs. 603, 605. (4) Sickness, bad smell and annoyance in the enjoyment of one's residence are elements of temporary damages, and they need not be susceptible of mathematical certainty. *Brown v. Railroad*, 80 Mo. 457; *Givens v. Van Studdiford*, 86 Mo. 149, at p. 159; *Railroad v. Church*, 108 U. S. 317, at p. 336; *Jarvis v. Railroad*, 26 Mo. 253.

ELLISON, J.—This action is for damages alleged to have been the result of the defendant city having caused certain sewers to discharge sewage collected from the city into a running stream of water near plaintiff's property, whereby the stream became polluted with filth and emitted offensive smells to the extent of injuring plaintiff's property, both permanently and temporarily. The judgment was for plaintiff on the first and third counts of his petition; the first, for permanent injury, and the third for injury in the loss of rent on his property and the destruction of his business as a shoemaker.

It appears that the stream, alleged to have been made a nuisance by pollution of its waters, was what is known as O. K. creek, and that it ran through the defendant city, a distance of three miles or more. That it was the drainage for a large part of the lands upon which the city is built. That in the year——the city began the construction of a sewer in and near this creek, intending, practically, to transform the creek into a large covered, or underground, sewer. That the plan adopted by the city was to build the sewer in sections, and that a large part of it had been built at the time of the institution of this suit. That there was, for some time before the suit was brought, a cessation in the construction of the sewer and the completion of the

plan of converting the creek into a sewer, caused by some litigation over a sale of some of the city's bonds which were designed for the payment of the sewer. And this litigation was caused by complications arising between the city and the waterworks company, the latter being engaged in litigation with the city. But the city was making every effort to continue the sewer to completion, it being the design and intent of the city to push the work to completion.

It appears to be clear that the injury to plaintiff's property is of a temporary nature, having in it no element of permanency, as that term is understood in the law of nuisances. The injury has resulted from a temporary, not a permanent, cessation of a public work. When the work is continued, the nuisance necessarily ceases. There is a character of nuisances which may even affect the value of the land as an inheritance, after the nuisance has been abated, or otherwise ceases to exist. Such was said to have been the character of the nuisance in *Babb v. University*, 40 Mo. App. 175. But it is evident that this is no such case. This is a nuisance in reality, caused by a public work, which can and will be abated. When the nuisance is not permanent—is such as may be abated, and for the continuation of which other actions may be brought—permanent damages are not properly allowed. *Givens v. Van Studdiford*, 86 Mo. 159; *Carson v. City of Springfield*, 53 Mo. App. 289.

Notwithstanding the nuisance here complained of may have been a public nuisance, yet, if plaintiff suffers from it some special damage, over and beyond that suffered by the community in general, he may have his action, even though it be true that others similarly situated to him might have a like action. *Givens v. Van Studdiford, supra*. And it does not affect this right, in an action of this nature, that the property injured

may not abut upon the place of the nuisance. The authorities cited by defendant on this point are not deemed applicable.

For the error in allowing damages for permanent injury, the judgment will be reversed and the cause. remanded. All concur.