W. S. RHODES et al., Appellants, v. V. E. KOCH and
THE CITY OF SPRINGFIELD, Respondents.

pringfield Court of Appeals, May 19, 1915.

1. MUNICIPAL CORPORATIONS: Street Paving: Jurisdiction of
Council: Conditioned on What. Under Sec. 110, p. 92, Session
Acts 1893 (Sec. 9255, R. S. 1909), amended Sess. Acts 1911, p.
340, a city council of the third class is not given complete, but
only conditional, jurisdiction in the matter of paving a street.
The jurisdiction to make a valid contract for such paving is
held in abeyance until the time limit in which the property
owners may protest has elapsed.

2. ———: ———: Remonstrances: Sufficiency. A remonstrance
by the required number of resident property owners against
a street improvement, filed with the city clerk after the first
publication of the improvement resolution and before the last
publication, which remained on file ten days after the com-
pletion of the publication, is sufficient. [Sec. 9255, R. S. 1909.]

3. ———: ———: ———: Finding of Council on Matter of Law:
Not Conclusive. A finding of a city council of a city of the
third class that a majority of abutting property-owners have
not filed a protest against certain contemplated improvements
because such protesting petition was not filed within a certain
time, is a finding upon a matter of law and not upon a matter
of fact and is not conclusive upon the council. [Sess. Acts 1911,
p. 340, sec. 9255.]

4. ———: ———: ———: Finding of Council on Question of Fact:
Conclusive When. Absent fraud or arbitrary and oppressive
action, a finding of fact by a city council on a remonstrance
against a street improvement, is conclusive.

Appeal from Greene County Circuit Court, Division
Number Two.—*Hon. Arch A. Johnson,* Judge.

REVERSED AND REMANDED.

*Williams & Galt* for appellants.

(1) The court should have overruled the demur-
rers to plaintiffs' second amended petition. A demur-

rer to a petition confesses the facts and the equities that arise from the facts as stated therein. Williams v. Gerber, 75 Mo. App. 18. (2) This authority of the city council to cause the improvement to be made is not a continuous power subsisting, but is subject to be divested by the filing of a protest containing the prescribed quota of qualified objectors. It may be defined as a right, dormant and inert, until animated by the will of the majority of the resident property owners liable to be assessed for the intended improvement whose assent is implied from absence of majority protest. Sedalia v. Montgomery, 227 Mo. 21. (3) Under such conditions no jurisdiction exists to construct the improvement until the implied approval of a majority of the property owners is had through their failure to object. Sedalia v. Montgomery, 227 Mo. 22. (4) It is provided in the statute that if the council shall find and declare by ordinance that no such majority have so filed such protest, such finding and declaration shall be conclusive, after the execution of the contract for the making of the improvement and thereafter no special tax bill shall be held invalid for the reason that a protest sufficiently signed was filed with the clerk. Sec. 9255, R. S. 1909, Amended, Laws 1911, p. 340. (5) The council had no power to make such a finding without giving the property-owners, whose property is liable to be taxed for the improvement, the right to be heard upon their objections. Dennison v. Kansas City, 95 Mo. 416-427 et seq. (6) It is incumbent on the city council to consider the remonstrance and ascertain the fact of its sufficiency or insufficiency. Sedalia v. Montgomery, 227 Mo. 30; Laws 1911, p. 340.

*Pearson & Butts* for respondent Koch.

(1) Plaintiffs, by waiting with their action till the work of improvement was in effect finished cannot now complain of irregularity in the council's action.

Johnson v. Duer, 115 Mo. 376; St. Louis v. Brown, 155 Mo. 545, 555; Heman v. Ring, 85 Mo. App. 231; Jaicks v. Merril, 201 Mo. 91. (2) The council proceeded within its jurisdiction and the powers delegated to it by the State, and its declaration is therefore conclusive and cannot now be questioned. Sec. 9255, Sess. Acts, 1911, p. 340; 28 Cyc. 281; Heman v. Schulte, 166 Mo. 409; Hamilton, Law of Assessments, sec. 355; Page and Jones, Taxation by Assessment, secs. 803 and 795; Wilson v. Trenton, 26 Atl. 83, 55 N. J. L. 323; Roth v. Forsee, 107 Mo. App. 471; Scranton v. Jermyn, 156 Pa. St. 107, 27 Atl. 66; McGrew v. Paving Co., 147 Mo. 570; State ex rel. v. Fitzgerald, 44 Mo. 425. (3) By delaying the bringing of this action till after the time fixed for the council's finding and declaration becoming conclusive, it cannot now be urged to invalidate the tax bills by the terms of the statute itself. The right had expired as by limitation. Dillon on Municipal Corp. (5 Ed.), sec. 1455; Page & Jones on Special Assessments, sec. 795; City of Topeka v. Gage, 44 Kan. 87; Railroad v. Kansas City, 85 Pac. 603; Rockwell v. Junction City, 142 S. W. 268; McCone v. City of Fargo, 138 N. W. 967; Gaastra v. Kenosho Co., 130 N. W. 870; Cole v. Forto, 155 S. W. 350; Webster v. Furgeson, 130 S. W. 513; Boles v. Kelley, 117 S. W. 1073; Hildreth v. Longamont, 105 Pac. 107. (4) No hearing being required by the statute, the fact that none was had does not affect the proceedings for the improvement. Barber Asphalt Paving Co. v. French et al., 158 Mo. 534; Marsh v. Oregon, 105 Mo. 226; Parsons v. Grand Rapids, 104 N. W. 730; Van Reypen v. Jersey City, 6 Atl. 23; Chicago v. Bassett, 87 N. E. 384; Re Sewer, 143 N. Y. Supp. 467.

FARRINGTON, J.—The plaintiffs (appellants) are residents of Springfield, Missouri, and owners of certain property fronting on Phillips street. The defendant city is a city of the third class and defendant

V. E. Koch is a contractor with whom the city made a contract to improve Phillips street by paving. The plaintiffs sought to enjoin and restrain the defendants from tearing up the street and placing concrete pavement thereon and from issuing and delivering to the contractor certain special tax bills in payment therefor. A demurrer was filed to the amended petition which was by the trial court sustained. Plaintiffs refused to plead further, and bring their appeal to this court contending that the trial court erred in sustaining the demurrer.

The amended petition is quite long and we will set forth only such facts as are therein disclosed which we deem necessary for the discussion of the questions presented. As before stated, the petition alleged that Springfield is a city of the third class, that Koch is a contractor, and that Phillips street is within the corporate limits and subject to the government of the city. It also sets up the names of the property-owners on said street who are plaintiffs in the action, giving the number of front feet owned by each. It charges that defendants are about to tear up and have torn up the street in front of their property and propose to pave the roadway between the curb lines with concrete paving. It is alleged that the length of that portion of the street proposed to be paved is 2258 lineal feet. Also that there are twenty-three resident property-owners who own the abutting property on said street, and that fourteen of them owning 1573 feet of the abutting property remonstrated against the improvement. It is then averred that resolution No. 1165 was adopted by the city council on April 29, 1913, and approved on May the third following, and that it was published in the Springfield Missouri Republican from May the sixth to May the thirteenth inclusive; also, that the remonstrance was filed with the city clerk on May 12, 1913, which was one day prior to the last insertion in the said newspaper, and that it was presented and read to the coun-

cil on May 20, 1913, and referred to the street and alley committee, and the records of the city council for June 3, 1913, show the following proceedings:

"Mr. Gooch presented and had read the following:

'Springfield, Mo., May 28, 1913.

'Hon. Mayor & Street & Alley Committee.

'City of Springfield, Mo.

'Gentlemen: In reference to the remonstrance referred to me for opinion as to the validity of the remonstrance, filed May 12, 1913, against the construction of paving on Phillips street, from Campbell to Grant street, will say that the remonstrance is filed out of time and is of no force and effect for that reason. The only way that this remonstrance can become effective and be considered by your committee is for the remonstrators to refile this remonstrance or get a new one.

'Respectfully,

'L. WALKER, City Attorney.'

"In accordance with the above written opinion of the city attorney, we hereby return the remonstrance to the city council.

"JOHN COWELL,

"J. B. GOOCH,

"G. D. MORGAN.

"On motion the report was adopted."

It is then alleged in the petition that notwithstanding the fact that the city council arbitrarily and unreasonably ignored the remonstrance and had no legal power to act after the filing of the remonstrance, it unreasonably and arbitrarily and in violation of law passed an ordinance which was approved on June 3, 1913, containing the following:

"The council hereby finds and declares that a majority of the resident owners of property liable for taxation for the cost of the improvement provided for, and contemplated by this ordinance, and also owning a majority of the front feet owned by resident property-

owners of this city abutting on said street within the distance proposed to be improved, have not filed with the city clerk of this city, a protest against said improvement within ten days after the *completion* of the publication of the aforesaid resolution, No. 1165, approved May 3, 1913.'' (Italics are ours.)

The petition further alleges that the city council then proceeded to make a contract by ordinance with defendant V. E. Koch and awarded him a contract for doing the work sought to be enjoined, alleging that the making of said contract and all acts performed thereunder were illegal, unreasonable, arbitrary, *ultra vires,* and void.

The questions which we will discuss are, first, whether a remonstrance, proper in all other respects as to form and substance, complies with the law when it is filed after the first insertion in the newspaper and before the last insertion, the remonstrance having been filed with the city clerk and remaining on file during the full ten day statutory period after the last insertion in the newspaper, and which remonstrance was after that time taken up by the city council and acted on; and, second, whether a finding and declaration by ordinance passed by the city council that such a remonstrance— because of the fact that it was filed prematurely—was no remonstrance under the construction given the terms of the statute, and is a conclusive finding as is contemplated by the statute so as to prohibit a majority of the resident owners owning a majority of the front footage from attacking the contract for making the improvement and makes the special tax bills immune from invalidity for the reason that a remonstrance sufficiently signed was not filed with the city clerk.

The statutes of this State giving cities of the third class power to pave streets have undergone some changes. It was provided by section 110, page 92, of the Session Acts of 1893, as follows: ''. . . and if a majority of the resident owners of the property liable

to taxation therefor shall not, within ten days thereafter, file with the clerk of the city their protest against such improvements, then the council shall have power to cause such improvements to be made, and to contract therefor, and to levy the tax as herein provided.'' Afterwards, as shown by section 9255, Revised Statutes 1909, a new section was enacted which so far as this case is concerned is similar to the law of 1893 except that it contains the following provision: ''. . . and if a majority of the resident owners of the property, liable to taxation therefor, at the date of the passage of such resolution, who shall own a majority of the front feet owned by residents of the city abutting on the street, avenue or alley proposed to be improved, shall not, within ten days thereafter, file with the clerk of the city their protest against such improvements, then the council shall have power to cause a contract for said work to be let to the lowest and best bidder, on the plans and specifications filed as aforesaid with the city clerk by the city engineer or other proper officer, not less than one week's advertisement for bids thereon being made in some newspaper published in the city. . . . When the council shall, by ordinance, find and declare that a majority of the resident owners of the property liable to taxation therefor, who shall also own a majority of the front feet owned by residents of the city abutting on the street or alley proposed to be improved, have not filed with the city clerk a protest against such improvement, such finding and declaration shall be conclusive after the execution of the contract for said improvement, and no special tax bill shall be held invalid for the reason that a protest sufficiently signed was filed with the city clerk.'' This law was again amended in 1911 (Sess. Acts 1911, p. 340), but the amendment makes no material change in the law as to what must be done to vest power and jurisdiction in the city council to make the improvement attempted in this case nor as to what shall be taken as

conclusive on the finding of the council as to a protest or remonstrance of the property-owners.

It is held in the case of City of Sedalia ex rel. Gilsonite Construction Co. v. Montgomery et al., 227 Mo. 1, 127 S. W. 50, that under section 110, page 92, Sessions Acts of 1893—which is not materially different from section 9255, Revised Statutes 1909, as amended in 1911 (Sess. Acts, 1911, p. 340), so far as vesting of power in the council to act in paving a street—the statute does not confer on the council in the first instance complete jurisdiction. Its only jurisdiction to act in paving a street is conditional; that is, the jurisdiction to make a valid contract for the paving of a street is held in abeyance until the time limit in which the property-owners may protest has elapsed.

The question is whether the council ever acquired power or jurisdiction to order the improvement and to make a contract therefor. If it had such jurisdiction the action of the trial court was correct; otherwise, erroneous.

The demurrer admits that there was on file in the city clerk's office during all the ten day period a paper signed by a majority of the resident property-owners owning a majority of the front footage on the street to be paved, remonstrating and protesting against the action of the council in making the improvement provided for in the resolution published.

The remonstrance, attached to the petition as an exhibit, is as follows:

"Springfield, Mo.

"To the Hon. Mayor & City Council:

"Gentlemen: We, the undersigned resident property-owners owning property on Phillips street, hereby respectfully remonstrate and protest against the construction of paving on Phillips street from Campbell street to Grant street"—followed by the names, opposite which was stated the number of front feet

owned by each. On the back of the remonstrance is the following indorsement:

"5604—Filed May 12, 1913. J. H. Langston, City Clerk. Referred to Street & Alley Committee, May 20, 1913."

The opinion of the city attorney, on whom the street and alley commitee called, clearly shows that he held the remonstrance insufficient because it was filed prematurely, and the records, as set out in the petition, disclose that the city council adopted and accepted the view of the city attorney and made no finding with reference to the same except that it was no remonstrance because it had not been filed within ten days after the *completion* of the publication; and for this reason the remonstrance was by the city council no further considered and the council proceeded upon the theory that no remonstrance having been filed it had jurisdiction to award a contract to the defendant Koch.

We cannot concur in so technical a construction as was placed on the statute by the city attorney and the council. The purpose of fixing a time limit within which to protest is to give the property-owners a chance to either give or withhold the power or jurisdiction to improve. As laid down in the case of City of Sedalia ex rel. Gilsonite Construction Co. v. Montgomery et al., supra, it is held in abeyance until that period has elapsed. It is a limit upon the period within which a remonstrance can be filed that the Legislature had in view rather than the fixing of a particular day or number of days that the remonstrance must be initially deposited with the city clerk. When it was handed to that officer in his office it was and became "on file" as of that date, and continued to be on file, and therefore filed, each day thereafter. There is a time fixed beyond which no protest can be filed—obviously for the purpose of giving or withholding the power to improve; but no reason appears from reading the act which would preclude the right to deposit with the clerk

the remonstrance at any time after the passage of the resolution. To do so would make it none the less a remonstrance provided it was and remained on file with the officer during the ten day period. We are sustained in this view on reason and authority. [See, Thomason v. Carroll (Cal.), 64 Pac. 262; 2 Page and Jones on Taxation by Assessment, sec. 809, p. 1382; Pacific Paving Co. v. Gallett (Cal.), 69 Pac. 985; Bellion v. Durand (Utah), 117 Pac. 798; In re Wittkowsky's Land (N. C.), 55 S. E. 617.]

This brings us to the second point relied on by respondents which relates to the following provision of the statute (Sec. 9255, Session Acts 1911, p. 340): ". . . and if the council shall find and declare by ordinance that no such majority have so filed such protest, such finding and declaration shall be conclusive, after the execution of the contract for the making of the improvement, and thereafter no special tax bill shall be held invalid for the reason that a protest sufficiently signed was filed with the clerk." That is, does the finding of the council on the records disclosed by this petition in reference to this improvement kept by the city clerk as provided by sections 9164, 9165 and 9166, Revised Statutes 1909, become conclusive and one that is not subject to judicial inquiry? We think not; and this, because the finding that was made was not a finding of fact but a conclusion of law as to when is the time under the law within which such remonstrance is to be filed in order that the city council must respect it or can treat it as a nullity and proceed with the improvement on the theory that by a failure of a sufficient number of the property-owners to act they have by their nonaction approved the proposed improvement set out in the resolution and therefore have impliedly or by nonaction given the council the power and jurisdiction to act. Such question is purely one of law and in our opinion is not contemplated by that portion of

the statute providing that their finding shall be conclusive.

Dillon in his work on Municipal Corporations, volume 4 (5 Ed.), section 1455, in treating of this subject says that where the Legislature has set a time limit, or in the absence of statutory provision, the property-owner will be denied the right after the work has started forward to attack the validity of the action of the council "in so far as the errors and omissions complained of do not affect *the jurisdiction or power of the local authorities to make the assessment."* (Italics are ours.) And it is further laid down by the same author that property-owners will be estopped from attacking the validity of the proceedings on the ground of any defect or irregularity "which *does not affect the jurisdiction or power* of the municipality."

As shown in the case of City of Sedalia ex rel. Gilsonite Construction Co. v. Montgomery et al., supra, the question of remonstrance or no remonstrance affects the power or jurisdiction of the council.

In the absence of fraud or arbitrary and oppressive action a finding of fact by the council on the remonstrance is, by the statute, made conclusive. But it is held in this State in a number of cases that although the record contains recitals that show that a circuit court has jurisdiction, it is competent to overthrow this recital and show that it is untrue by other parts of the record in the case. In other words, where the full record is shown by the petition, as were the proceedings of the city council in this case, on which they were acting and finding their jurisdiction to improve the street, and such record shows the true state of facts on which the council proceeded and was finding its judgment of jurisdiction to act, we cannot presume that there was anything else done that would give them jurisdiction and their finding or judgment in this respect must stand or fall as the law directs.

It is held in the case of Cloud v. Inhabitants of Pierce City, 86 Mo. 357, l. c. 368, quoting from Freeman on Judgments, section 125, as follows: " 'But no presumptions in support of the judgment are to be allowed in opposition to any statement contained in the record. If an act be stated in the roll as having been done in a specified manner, no presumption arises that at some future time the act was done in a more efficient manner. If it appear that the process was served in a particular mode, no other and different service can be presumed. To indulge such a presumption would be to contradict the record, which imports absolute verity. When, therefore, the record shows that certain steps were taken to procure jurisdiction and the law does not consider those steps sufficient, the judgment will be regarded as void for want of jurisdiction over the defendant.' "

This doctrine has been upheld and approved in the case of Feurt v. Caster, 174 Mo. 289, 73 S. W. 576.

In the case of Stark v. Kirchgraber, 186 Mo. l. c. 646, 85 S. W. 868, will be found the following language pertinent to the point under discussion: "It was legitimate and competent for the plaintiffs in this case to introduce the entire record of the probate court in the proceedings to sell this land. An examination of that record convinces us that one of the *essentials* necessary to confer jurisdiction upon that court was entirely absent. In other words, the proper parties were not before the court, and this is shown upon the face of the record in this, that the appellant, who instituted the proceeding for the sale of the land, was neither a creditor nor was she interested in the estate, within the provisions of the statute. That want of jurisdiction may be ascertained by the consideration of the whole record, was clearly setled by this court in Hutchinson v. Shelley, 133 Mo. 400." [See, also, Ogden City v. Armstrong, 168 U. S. 224, 42 L. Ed. 444.]

The petition in this case setting forth the proceedings of the city council clearly shows that the council held that they had jurisdiction to award this contract solely on the ground that in their opinion the remonstrance was insufficient because it was filed prematurely and that for that reason no consideration of it was given, and that in their conclusion or finding they were in error as to the law. This being true, they cannot confer jurisdiction on themselves by such erroneous conclusion. We hold, therefore, that the remonstrance was a compliance with the law with respect to the requirement as to the time of filing. The petition states facts showing that in point of number and amount of front footage and form the remonstrance was sufficient, which must be taken as true on demurrer; and we hold also that the finding or conclusion of the council that there was no remonstrance because of the time of filing was erroneous and is not such a finding as is contemplated as conclusive by the statute. The judgment is reversed and the cause remanded. *Robertson, P. J.,* and *Sturgis, J.,* concur.