W. S. RHODES et al., Respondents, V. E. KOCH and THE CITY OF SPRINGFIELD, Appellants.

Springfield Court of Appeals, December 22, 1916.

1. **STREET IMPROVEMENTS:** Remonstrance Against: Who May Make: Statutes. In the matter of a street improvement any resident owner of abutting property has a right to remonstrate against such improvement, it matters not whether he resides ·on or off the street to be improved. [Sec. 9245, R. S. 1909, as amended by Laws 1911, p. 340.]

2. ———: ———: **Remonstrance by Corporation: When Legal.** A remonstrance against street improvements was signed by the President of a corporation which owned abutting property. The stock of the corporation was all owned by the president and his brother and mother. The brother desired the remonstrance signed and the mother left the conduct of the business of the corporation entirely in the hands of the two brothers. Other business of the corporation was entered into as was this remonstrance, by a sort of mutual understanding and not in a formal way. *Held*, that the signing of the remonstrance was the act of the corporation and that the president had a right to sign same.

3. ———: **Remonstrance: Husband and Wife: Estate by the Entirety.** Under sec. 9255, R. S. 1909, as amended by Laws 1911, p. 340, relating to a majority of the resident property-owners remonstrating against street improvements, where an estate is owned by the husband and wife by the entirety, they are considered for the purpose of the remonstrance as two persons instead of one.

4. ———: ———: **What Required.** A remonstrance against a proposed street improvement requires a majority of the resident owners of land but it does not require a majority of the estates abutting the street. [Sec. 9255 R. S. 1909 as amended by Laws 1911, p. 340.]

5. ———: ———: **Wife Signing for Absent Husband.** Where a husband was absent from the city when remonstrance against street improvement was prepared and his name was signed by his wife with his authority it should be counted under sec. 9255, R. S. 1909, as amended by Laws 1911, p. 340.

Appeal from Greene County Circuit Court, Division Number One.—*Hon. Guy D. Kirby,* Judge.

AFFIRMED.

*Neville & Gorman* and *Pearson & Butts* for appellants.

*Williams & Galt* for respondents.

FARRINGTON, J.—This case is here on a second appeal. Our former opinion (same title) is reported in 189 Mo. App. 371, 176 S. W. 286, wherein we held that the bill for an injunction stated a cause of action; also that the proceedings before the city council by which it held that

the remonstrance filed was insufficient, where based on an erroneous conclusion of law and not on a question of fact; and further, that if there was a proper remonstance, sufficient in number of property owners and amount of front footage and filed within the time contemplated by law, the action of the council subsequent to that time with reference to these proceedings was null and void for want of jurisdiction. The cause was reversed and remanded and on re-trial the court, in the judgment now appealed from, found that a majority of the owners of property abutting the street, residing in Springfield, owning a majority of the front footage on the proposed improvement, had signed the remonstrance and granted the relief asked for in the bill.

Defendants have appealed, contending, among other things, that our former decision on the question of the right or jurisdiction of the council to proceed is erroneous. However, we have not been convinced of the soundness of their argument and adhere to the ruling heretofore made.

On the question of the sufficiency of the remonstrance in point of number of remonstrators and amount of front footage represented by such remonstrators, appellants urge several objections to the counting of certain signers as lawful remonstrators as well as to the front feet owned by the remonstrators.

It is first contended by appellants that the statute contemplates that only owners living on the street have a right to remonstrate. The statute should not be given any such restricted construction. The Supreme Court in the case of Miners' Bank v. Clark, 252 Mo. l. c. 30, 158 S. W. 597, has held that "The statute in question gives the privilege of protesting to all persons within the city and owning property abutting the street sought to be improved." We therefore hold that any resident owner in Springfield, whether residing on or off the street to be improved, owning lands abutting the street, has a right to remonstrate under the statute. [Sec. 9255, R. S. 1909, as amended, Laws 1911, p. 340.]

It is next contended that the O'Day Real E. & I. Company, the name of which appears on the remonstrance as owner of 224 feet, should not be counted, because, appellants argue, the president of this corporation did not have legal authority from the board of directors to sign. The facts are, as shown by the evidence, that all the stock of this corporation was owned by A. C. O'Day and John O'Day, except one share which, it was stated, was placed in the name of their mother in order that there should be three shareholders to comply with the incorporation statute. The evidence shows that the persons circulating the remonstrance went to John O'Day and that he wanted it signed for the corporation and sent the bearers of the remonstrance to A. C. O'Day, the president of the corporation, who signed the corporate name. It further appears, that the mother of these two brothers had stated to them, generally that the entire management of the corporation was in their hands and that whatever they concluded to do in carrying on the business was entirely satisfactory to her. And it also appears that this was the ordinary way in which these three persons conducted this corporation. The signing, under the law, was clearly the act of the corporation; and the president of such a corporation had a lawful right to sign the remonstrance. [Pasche v. South St. Joseph Town Co., 174 Mo. App. 614, 161 S. W. 322.]

It appears by the record that there were some six or seven lots owned on this street by husbands and wives as estates by the entirety. Appellants contend that as to these respective lots there could be counted but one owner; that is, that the husband could not be counted as an owner and the wife as an owner so as to make two owners of the same piece of property; in other words, that in counting the owners of land the statute above referred to the husband and wife are to be counted as but one owner and not as two owners. We disagree with appellants on this point, holding that a husband and wife owning an estate by the entirety are each owners within the contemplation of the statute under which this pro-

ceeding was brought and by which the remonstrance must be measured.

The statute requires a majority of the resident owners of lands; it does not require a majority of the estates abutting the street. We think this question is clearly settled by the case of Holmes v. Kansas City, 209 Mo. 513, 108 S. W. 9, 1134, where the wife of a husband who had been made a party to a condemnation proceeding with reference to some land held by them as an estate by the entirety was permitted to enjoin the city and the contractor because she had not been made a party to the proceeding. She based her right on that section of the Constitution (Art. II, Sec. 21) which provides that private property shall not be taken or damaged for public use without just compensation and that until such compensation shall be paid to the *owner,* or into court for the owner, the property shall not be disturbed nor the proprietary rights of the owner therein divested. As stated, she was permitted to maintain her suit, certainly for no other reason than that she was an *owner* who had not been properly dealt with by defendant in that they had not accorded her the benefit of the rules prescribed with reference to condemnation proceedings to which *owners* are entitled. It cannot be doubted that both the husband and the wife have an interest in the land that is conveyed to them by the entirety. This interest is based on no lien, or mortgage, or any relation to the land other than that of ownership. If the interest is not that of an owner, what else could the interest be in the land? It is said in Merrill Ry. & Lighting Co. v. City of Merrill et al. (Wis.) 96 N. W. 686, 687, that the word "own" is used both colloquially and in the law to designate a great variety of interests in property, and that it is not surprising that we find the word in statutes given the widest variety of construction, usually guided in some measure by the objects sought to be accomplished in the particular instance, citing Gitchell v. Kreidler, 84 Mo. 472, 476, as holding

that the word "owner" has no precise legal signification
and may be applied to any defined interest in or to real
estate. When we bear in mind that each, during the life
of the other, may not affect the estate to the prejudice of
the other's rights (Gibson v. Zimmerman, 12 Mo. 385),
that both have a substantial interest in the property and
are competent witnesses in an action by the wife for the
recovery of the property irrespective of the marital re-
lation (Edmondson v. City of Moberly, 98 Mo. 523, 526,
11 S. W. 990), that the wife may maintain ejectment for
the possession of the entire estate as against strangers
(Bains v. Bullock, 129 Mo. 117, 31 S. W. 342), and that
our married womens' acts have abolished the legal en-
tity of husband and wife, although such acts have not af-
fected estates by the entirety, we are led to no other con-
clusion than that the wife as well as the husband owning
an estate by the entirety is an *owner* within the meaning
of the statute  designating who are proper remonstrators.
If one spouse desired the improvement and the other did
not, the one wanting it could by refusing to remonstrate
place a lien on the property which would result in a loss
of the property were the taxbill not paid, and hence we
would have a condition not countenanced by the law
wherein one of the parties could affect the estate to the
prejudice of the other's rights. We hold that those sign-
ing this remonstrance as husband and wife were each
*owners* of the land and were each to be counted as such.

It is insisted that W. A. Sharp whose name appears
on the remonstrance should not be counted. The evidence
shows that Sharp was away from the city when this re-
monstrance was prepared and signed, and that his wife
caused his name to be signed along with her own on the
remonstrance. The evidence is that they had talked over
this matter and that she had authority from him to sign
their names or to have his name signed on the remon-
strance.

It is admitted in appellants' brief that the total front
footage of this improvement was 2356 8/10 feet and that
fifty feet of this was owned by a nonresident, so that the
front footage owned by residents of the city was 2306

8/10 feet. The plaintiffs showed the title to this number of feet on the street and the ownership of this number of feet in the various signers and non-signers of the remonstrance.

It is true there was fifty feet owned either by a Mrs. Rountree or by one Logan Patterson, which was not shown by deed, but Logan Patterson testified that the lot in which he claimed ownership was fifty feet, and appellants, as disclosed by the taxbills issued to them, showed the width of that lot to be fifty feet.

The ownership of this full footage having been accounted for by the plaintiffs leaves no room for a ten-foot alley the title to which appellants in their brief claim is in Patton & Linder. There is no competent evidence in the record that Patton & Linder owned any property on this street. With Patton & Linder out, the appellants admit that under any construction there could not be more than thirty-four resident owners of property abutting the street. With Logan Patterson counted as a remonstrator, they were nineteen in number; without him, there were eighteen remonstrators—which is yet a majority, both in number of remonstrators and in amount of front footage owned; hence we will not go into the question whether Logan Patterson was a lawful remonstrator.

We concur in the judgment of the trial court. It is accordingly affirmed. *Robertson, P. J.,* and *Sturgis, J.,* concur.