LUVINA NEWMAN, RESPONDENT, v. CITY OF MARCELINE, APPELLANT.*

Kansas City Court of Appeals.   May 21, 1928.

*Corpus Juris-Cyc References: Appeal and Error, section 2974, p. 991, n. 33; Nuisances, 46CJ, section 312, p. 733, n. 53, 56; section 456, p. 807, n. 68; section 470, p. 813, n. 7.

*Lon R. Owen* and *S. J.* and *G. C. Jones* for respondent.

*G. Derke Green* (*C. B. Burns* and *C. M. Kendrick* of counsel) for appellant.

FRANK, C.—Action to recover damages for the maintenance of a temporary nuisance. The cause originated in the circuit court of Linn county, but went on change of venue to the circuit court of Carroll county where a trial was had which resulted in a verdict and judgment in favor of plaintiff, and defendant appealed. Plaintiff was the owner of and resided in a residence property located in defendant city. The petition alleges in substance that in 1924, the defendant constructed and at all times thereafter maintained near her said home and residence, a certain septic tank or reservoir as a part of the sewer system of defendant city; that the sewage from defendant city was dumped into said septic tank, and at all times, both day and night, there was in said tank certain poison, noxious, germ laden, slimy, discolored, ill-smelling substance or liquid; that the substance in said septic tank emitted dangerous, sickening, disagreeable and unbearable scents and odors which permeated the air and was carried onto plaintiff's premises and into her said dwelling house, and caused her to lose the use, profits, earnings, enjoyment and comfort of her said premises and home and rendered same unsalable, unrentable and caused her to lose the reasonable rental value thereof.

The case was submitted to the jury on the testimony adduced by plaintiff. Defendant offered no evidence. No contention is made that the evidence did not tend to prove the facts as alleged in the petition. A reproduction of the evidence is, therefore, unnecessary.

Defendant's contention is that if the septic tank maintained by defendant was a nuisance, it was a public one, and for that reason, it was incumbent on plaintiff, in order to make out a case, to both allege and prove that she sustained special injuries or damages different in kind or character from those suffered by the public generally; all of which she failed to do, and for that reason, the demurrer to the evidence should have been sustained.

The law governing cases brought for the recovery of damages on account of the maintenance of a public nuisance is correctly stated by defendant and has been so long and well established that a discussion of it, or a review of the cases cited by appellant would be neither instructive or interesting. We think, however, that defendant is wrong in its contention that the petition and the evidence adduced in support of it does not bring the case within this rule.

While the petition does not specifically allege that the injuries suffered by plaintiff were different in kind or character, from those suffered by the public generally, it does allege that the septic tank filled with sewage from defendant city, was maintained, *near* her residence, and that foul, dangerous and offensive odors came from said sewage onto plaintiff's premises and into her dwelling house and deprived her of the comfort and enjoyment of her home, ren-

dered same unsalable and caused her to lose the reasonable rental value thereof.

It may be true that the stench from the septic tank affected alike all who came in contact with it, but the fact that plaintiff owned and lived in property located near the tank, and was disturbed in the comfort and enjoyment of her home, by reason of the foul and offensive odors coming from the sewage in said tank, entitled her to maintain an action for said injuries. This tank was peculiarly injurious to plaintiff on account of its close proximity to her home. This being true, a petition alleging such facts, states a cause of action although it may not specifically allege that the injuries sustained by plaintiff were different in kind from those suffered by the public generally. This question was before the Supreme Court in Edmondson v. City of Moberly, 98 Mo. 523, 526, whereat the court said:

"The evidence offered by plaintiffs tended to show that a nuisance specially injurious to them, had been caused by the acts of defendant and justified the submission of their cause to the jury. The wrong of which plaintiffs complain is not merely public in its effect. It is peculiarly injurious to them by reason of its proximity to their abode, in consequence of which they sustain discomfort and annoyance in the possession of their property and a diminution in its value not shared by the community in general. Hence it may properly be the basis of a private action by them."

Again in Givens v. Van Studdiford, 86 Mo. 149, 158, the Supreme Court, speaking to a like question, said:

"It is true, the petition does not in so many words allege that the injury suffered by the plaintiff was other and different in kind from that suffered by the community in general, but it does, as we have seen, in detail show that he was deprived of the full use and enjoyment of the rents of his property. A slaughter house may be a common nuisance and alike uncomfortably affect all who come within the locality, but to those who live or own property in the immediate vicinity and are disturbed in the use or enjoyment of their property an action will lie. It is no objection that others similarly situated may also have a private action. [Wood on Nuisances, 736, 737.] Nor is it any objection that all those who contribute to the injury are not made defendants. [Woodyear v. Schaefer, 57 Md. 1.] The petition, in so far as it discloses special damages, is in conformity with well-established precedents. [2 Chitty Plead. 789.] It is well enough, whether the nuisance be public or private."

Other cases to the same effect might be cited, a sample of which are, Schoen v. Kansas City, 65 Mo. App. 134, 138; McCracken v. Swift & Company, 212 Mo. App. 558, 566. McCracken v. Swift & Company, supra, was first decided by the Springfield Court of Ap-

peals, then certified to the Supreme Court, where the opinion of the Springfield Court of Appeals was approved and adopted. [McCracken v. Swift & Company, 265 S. W. 91.]

Complaint is made of the refusal of defendant's requested instruction "b" which reads as follows:

"The court instructs the jury that although they may believe that the matters surrounding the reduction or disposal plant described in evidence and here in question, amounts to a nuisance, yet the plaintiff cannot recover unless the jury further find that the damage, if any, suffered by plaintiff is peculiar to her, being such as is different in kind and not simply in degree from that sustained by other persons owning land or property in the same general locality."

It has been held in cases where damages are sought on account of the maintenance of a nuisance, it is no objection that others similarly situated may also have a private action. [Givens v. Van Studdiford, 86 Mo. 149, 158.] It will be noted that this instruction says that if the injuries suffered by plaintiff was not different in kind from those suffered by other persons owning land *in the same general locality,* she could not recover. If the instruction had required the jury to find that the injuries, if any, suffered by plaintiff must be different in kind from those suffered by the *public generally,* a different question would be presented. The fact that other persons similarly situated suffered the same character of injury as that suffered by plaintiff, would not defeat plaintiff's right of action, if in fact, the injury suffered by plaintiff was different in character from that suffered by the *public generally.* This instruction is not in line with the law as announced in the case last above cited, and for that reason was properly refused.

The next and last contention is that the court erred in permitting plaintiff to prove damages to the rental and market value of plaintiff's premises. Such evidence was introduced over the objection of defendant, but the court by written instruction withdrew this evidence from the consideration of the jury and specifically instructed the jury not to consider such evidence in arriving at its verdict. The instruction given reads as follows:

"The jury are instructed that in making up their verdict, they will disregard all evidence relating to the depreciation of the market value and rental value of plaintiff's property on account of the construction and operation of the disposal tank mentioned in evidence, and you will not allow such evidence to affect your verdict in any way."

If the admission of this testimony was error, it was cured by the instruction withdrawing it. Where evidence is erroneously admitted, an instruction withdrawing such evidence from the consideration of the jury will cure the error where there is nothing in the record to

984

indicate that such evidence created any bias or prejudice in the mind of the jury or influenced the jury in any way in arriving at its verdict. [Larrimore v. Railroad, 65 Mo. App. 167, 173 and cases cited; Clark v. Hill, 69 Mo. App. 541, 546.] We find nothing in the record indicating that the jury was in any way influenced by this evidence, or that such evidence was considered by the jury in arriving at its verdict. Instructions are for the guidance of the jury and we cannot say that the jury did not follow them, in the absence of a showing that would warrant such a conclusion.

Finding no reversible error in the record, we affirm the judgment. *Williams, C.*, concurs.

PER CURIAM:—The foregoing opinion by FRANK, C., is hereby adopted as the opinion of the court. All concur, except *Trimble, P. J.*, absent.